No. 1-99-3795 First Division

February 11, 2002

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the

 ) Circuit Court of

Respondent-Appellee, ) Cook County. 

 ) 

 ) No. 88 CR 1662

 )

JAMES KLUPPELBERG, ) The Honorable

 ) Mary Ellen Coghlan,

Petitioner-Appellant. ) Judge Presiding. 

PRESIDING JUSTICE COHEN delivered the opinion of the court: 

Petitioner James Kluppelberg appeals from an order of the circuit court of Cook County granting the State's motion to dismiss his petition for post-conviction relief without an evidentiary hearing.  We reverse and remand.

BACKGROUND

Petitioner was charged by indictment of eighteen counts of first degree murder (Ill. Rev. Stat. 1983, ch. 38, pars. 9-1(a)(1), (a)(2), (a)(3) (now codified, as amended, at 720 ILCS 5/9-1(a)(1), (a)(2), (a)(3) (West 2000)), six counts of attempt (first degree murder) (Ill. Rev. Stat. 1983, ch. 38, pars. 9-1(a)(1) (now codified, as amended, at 720 ILCS 5/9-1(a)(1) (West 2000)) and three counts of arson (Ill. Rev. Stat. 1984, ch. 38, pars. 20-1(a) (now codified, as amended, at 720 ILCS 5/20-1(a) (West 2000)) stemming from a March 24, 1984 fire at 4448 South Hermitage that killed a mother and her five children.  Following a bench trial, petitioner was convicted of six counts of first degree murder and three counts of arson and sentenced to natural life in prison.  This court affirmed his conviction on direct appeal.  
People v. Kluppelberg
, 257 Ill. App. 3d 516 (1993).

On October 6, 1994, petitioner filed a 
pro se
 petition for post-conviction relief (petition) pursuant to the Illinois Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 et seq. (West 1991)), claiming both that he received constitutionally ineffective counsel at trial as well as in his direct appeal and that he was denied his constitutional right to testify and his constitutional right to a trial by jury.  In support of his claims, petitioner made a total of 25 allegations, including: (1) his trial counsel ignored his wishes to have a jury trial; (2) his trial counsel did not allow him to testify and confront his accusers; (3) his trial counsel failed to submit into evidence police reports classifying the fire as accidental; (4) his trial counsel failed to communicate with him concerning his appeal; (5) his appellate counsel failed to raise certain issues with regard to his trial counsel's ineffectiveness; and (6) his appellate counsel failed to file a petition for rehearing notifying the appellate court of its failure to address certain issues he made on appeal.  Petitioner did not attach an affidavit or exhibits to his petition.

On October 18, 1994, the trial court 
appointed post-conviction counsel to represent petitioner.  On August 4, 1998, the State filed a motion to dismiss the 
pro se
 petition alleging that the petition failed to raise any constitutional questions within the purview of the Act, or in the alternative, that the issues raised in the petition were either waived or barred by 
res judicata
.  On September 2, 1999, an amended petition was filed by an assistant public defender alleging that trial counsel: (1) refused to comply with petitioner's decision to have a jury trial; (2) refused to allow petitioner to testify on his own behalf; (3) failed to properly communicate with petitioner; and (4) failed to present the testimony of the Chicago bomb and arson unit investigators who determined that the fire was accidental.  Attached to the amended petition as exhibits were the affidavit of petitioner, part of the trial transcript concerning jury waiver and a bomb and arson unit's "cause and origin" report dated March 25, 1984.

In his affidavit, petitioner declared that he informed his trial counsel on numerous occasions that he wanted a jury trial and wished to testify on his own behalf, but was told by his trial counsel to "not worry" and to "keep his mouth shut."  Petitioner further stated that trial counsel threatened that if petitioner testified, trial counsel "would withdraw from [his] case and leave [petitioner] in the hands of a public defender."  Petitioner also declared that he never met or talked with his trial counsel in a private setting, only having the opportunity to discuss his case with trial counsel in the "bull pen."  

On September 23, 1999, the State filed a "Response to James Kluppelberg's Supplemental Petition for Post-Conviction Relief" which raised essentially the same objections as those set forth in its motion to dismiss.  On October 6, 1999, petitioner filed a motion to set his amended petition for an evidentiary hearing and to strike portions of the State's "answer."  A hearing was conducted later the same day.  At the hearing, the trial judge determined that the document filed by the State on September 23, 1999, was not an "answer" to petitioner's amended petition, but rather a supplement to its previously filed motion to dismiss.  A hearing was then conducted solely on the State's motion to dismiss.

The State argued that petitioner's claim that he had been denied his right to a jury trial had been waived.  The State also argued that petitioner failed to demonstrate that he was denied his right to testify where the trial transcript revealed that at no point during the course of the trial did petitioner indicate to the court his desire to testify.  The State further argued that petitioner's claim that his trial counsel failed to properly communicate with him was basically an ineffectiveness of counsel claim and referred the trial judge to the appellate court decision finding trial counsel effective.  Finally, the State argued that petitioner's allegation of ineffectiveness for failure to elicit testimony that the fire was an accident had been waived and was a matter of "trial tactics" not subject to judicial review in post-conviction proceedings.

Petitioner's post-conviction counsel responded by drawing the court's attention to petitioner's affidavit.  Post-conviction counsel emphasized the numerous occasions on which petitioner informed his trial counsel of his desire to have a jury trial and his desire to testify on his own behalf.  Post-conviction counsel also emphasized the fact that petitioner's trial counsel never met with petitioner in a private setting despite the fact that petitioner was facing the death penalty.  Post-conviction counsel further argued that a hearing conducted on a motion 
in limine
 filed by petitioner's trial counsel demonstrated that although trial counsel knew of a police report in which two Chicago police officers had determined that the fire was accidental, trial counsel had failed to call either police officer to testify during the trial.  Post-conviction counsel, however, failed to attach a copy of this police report to the amended petition, failed to attach the transcript of the hearing on the motion 
in limine
 to the amended petition and failed to bring a copy of  the transcript with him to the hearing on the State's motion to dismiss. 

The trial judge granted the State's motion to dismiss petitioner's post-conviction petition, finding: (1) the bomb and arson unit's "cause and origin" report attached as an exhibit to the amended petition did not support petitioner's assertion that the fire was accidental; (2) there was no evidence presented in the amended petition to support the conclusion that the fire was accidental; (3) all issues raised in petitioner's post-conviction petition could have been raised on direct appeal; (4) the record reflected a valid jury waiver; and (5) the appellate court decision correctly determined that trial counsel was not ineffective.  This appeal followed.

ANALYSIS

On appeal, petitioner alleges that he received inadequate representation in the post-conviction proceedings in violation of Supreme Court Rule 651(c) (134 Ill. R. 651(c)).  Petitioner also alleges that he is entitled to an evidentiary hearing on the issues of his trial counsel's: (1) failure to communicate with him in a meaningful and private manner; (2) failure to present critical evidence that the cause of the fire was accidental; (3) failure to request a jury trial despite petitioner's numerous requests that counsel do so; and (4) refusal to allow him to testify on his own behalf.  Petitioner further alleges that the trial court erred in determining that petitioner's ineffectiveness of trial counsel claims and his claims that he was denied his constitutional rights to a jury and to testify on his own behalf were waived.

A. Inadequate Post-Conviction Counsel

We first address petitioner's claim that his post-conviction counsel was inadequate for: (1) failing to attach to the amended petition a police report, transcript or affidavit in support of the contention that the fire was accidental; and (2) failing to allege appellate counsel's ineffectiveness for failure to raise the issue of trial counsel's ineffectiveness (for a similar failure to present evidence of accident) on direct appeal.  

It is well established that a defendant has no constitutional right to the assistance of counsel in post-conviction proceedings.  
People v. Davis
, 156 Ill. 2d 149, 162 (1993).  The Illinois legislature "has provided by statute for the appointment of counsel to indigent defendants who file 
pro se
 post-conviction petitions."  
Davis
, 156 Ill. 2d at 162; 725 ILCS 5/122-4 (West 2000).  "Because the right to counsel in post-conviction proceedings is wholly statutory, post-conviction petitioners are entitled only the level of assistance provided by the Post-Conviction Hearing Act."  
People v. Turner
, 187 Ill. 2d 406, 411 (1999).  Our supreme court has defined that assistance as a "reasonable level of assistance."  
People v. Owens
, 139 Ill. 2d 351, 364 (1990).  

Supreme Court Rule 651(c) outlines the specific duties of appointed counsel in post-conviction proceedings, stating:

"
Record for Indigents; Appointment of Counsel.  
Upon the timely filing of a notice of appeal in a post-conviction proceeding, if the trial court determines that the petitioner is indigent, it shall order that a transcript of the record of the post-conviction proceedings, including a transcript of the evidence, if any, be prepared and filed with the clerk of the court to which the appeal is taken and shall appoint counsel on appeal, both without cost to the petitioner.  The record filed in that court shall contain a showing, which may be made by the certificate of petitioner's attorney, 
that the attorney has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional right, has examined the record of the proceedings at the trial, and has made any amendments to the petition filed pro se that are necessary for an adequate presentation of petitioner's contentions.
"  (Emphasis added.)  134 Ill. R. 651(c).  

1. Failure To Attach Police Report, Transcript or Affidavit to Supplemental                 Petition.

Petitioner argues that his post-conviction counsel did not comply with Rule 651(c) because he failed to attach to the amended petition a police report, transcript or affidavit to support the claim that trial counsel was ineffective for failing to introduce into evidence a police report that classified the fire at 4448 South Hermitage as accidental.  We agree.  "Rule 651(c) plainly requires that appointed post-conviction counsel make 'any amendments to the petitions filed 
pro se
 that are necessary for an adequate presentation of petitioner's contentions.'" 
 People v. Turner
, 187 Ill. 2d 406, 412 (1999), quoting 134 Ill. R. 651(c); 
People v. Johnson
, 154 Ill. 2d 227, 238 (1993). 

During the 1989 trial, the burden was on the State to establish that the fire that occurred on March 24, 1984 at 4448 South Hermitage was of incendiary origin (arson).  To that end, the State presented the expert testimony of Officer Francis Burns of the Office of Fire Investigation, Chicago Fire Department.  Officer Burns testified that on March 24, 1984,
(footnote: 1) he was conducting a "cause and origin" training class at the 4448 South Hermitage fire scene.  Officer Burns testified that during the class' investigation, he noticed a "heavy deep alligatoring pattern" on some of the debris located at the center rear section of the building.  Officer Burns also testified that at the same section of the building he noticed "finger patterns."  According to Officer Burns, "alligatoring" indicates a fire that generated extremely high temperatures and "finger patterns" indicate that some type of accelerant was used to start the fire.  Officer Burns testified that based on these "burn patterns" he concluded that the fire at 4448 South Hermitage was the result of arson. 

On cross-examination, Officer Burns admitted that he did not make a report documenting his findings and conclusion that the fire at 4448 South Hermitage was arson.  Officer Burns did state, however, that the trainees prepared individual reports, but these reports were not kept as a matter of record because it was a "simple training exercise."

In petitioner's 
pro se
 petition, he alleged that his trial counsel was incompetent for not introducing into evidence a 
police report
 determining that the fire was accidental.  Five years later, post-conviction counsel amended the 
pro se
 petition alleging that trial counsel was ineffective for failing to impeach Officer Burns' testimony with a 
bomb and arson unit "cause and origin” report
 that classified the fire as accidental.  Post-conviction counsel attached a copy of the bomb and arson unit's "cause and origin" report to the amended petition.  On appeal, petitioner alleges that post-conviction counsel attached the 
wrong
 report to the amended petition. 

At the hearing on the State's motion to dismiss petitioner's amended post-conviction petition, the trial judge repeatedly asked post-conviction counsel on what evidence he was relying to support the allegation that trial counsel was ineffective for failing to impeach Officer Burns' testimony with evidence that the fire was accidental:

"THE COURT: Let me verify that I understand what you're relying on in making that assertion.  What are you relying on in making that assertion?

[COUNSEL]: The two witnesses, the two Chicago police officers had decided that the fire was accidental.  I have given one of the reports, I subpoenaed one of the reports, however, I never received --

THE COURT: You're relying on police reports or Bomb and Arson Unit reports?  From my review of all these materials it was my recollection that I had [
sic
] reviewed any sworn affidavits.

* * *

THE COURT: You're talking about an argument made during the course of the trial.  I'm asking you now what are you relying upon in making this assertion that two witnesses would have testified that the fire was started accidentally other than what you stated? 

[COUNSEL]: I'm relying on the attorney stating that on the record during the motion in limine and the one Chicago Police Department report that I have filed.

* * *

THE COURT: Wait a minute, [counsel], there is not one shred of evidence that anything was provided to this Court this fire was closed as accidental.  What are you talking about?

[COUNSEL]: The Court has the transcript of the entire trial, that is a part of the record.  If you wish I will bring it in.

THE COURT: What specifically are you talking about?

[COUNSEL]: I'm talking about the motion in limine which the attorney argued --

THE COURT: The attorney argued about the police report which you have already stated.

* * *

THE COURT: Do you have the trial transcript with you?

[COUNSEL]: I don't have it, I can bring a copy of it, Judge."

After both parties presented argument, the trial judge granted the State's motion to dismiss based, in part, on the fact that petitioner's assertion that the fire was accidental and not arson was not supported by the bomb and arson report attached as an exhibit to the amended petition
.  

The bomb and arson unit's "cause and origin" report (dated March 25, 1984) that was attached to the amended petition does not conclude that the fire was accidental, stating only that "because of the complete burning and collapse of the building, this detective was unable to conduct Cause & Origin examination as of [
sic
] this report."  A different police report also contained in the record, however, does conclude that the fire was accidental.  This report (dated April 14, 1984) was attached to a motion 
in limine
 filed by trial counsel and discussed in detail at the hearing on the motion 
in limine
.  The report classifies the status of the case as "clsd. non-criminal" and states that "samples of the debris that were taken from the scene were returned from the lab [and] showed negative for any accelerant."  The report concluded that the case be "classified as clsoed [
sic
], apparent accidental fire deaths."  

The report classifying the fire as accidental is located in volume one of the common law record on pages 57-59.  While Rule 651(c) does not require that appointed post-conviction counsel "examine the entirety of a petitioner's trial proceedings," it does required that appointed post-conviction counsel "examine as much of the transcript of proceedings as is necessary to adequately present and support those constitutional claims raised by the petitioner."  
People v. Davis
, 156 Ill. 2d 149, 164 (1993).  Here, when asked by the trial judge what post-conviction counsel was relying on to support petitioner's claim that the fire was accidental, post-conviction counsel persistently referred to trial counsel's 
argument
 during the hearing on the motion 
in limine
.  It is obvious from this dialogue that post-conviction counsel was totally unaware that the possibly exculpatory police report itself was in the record.  This is clearly inadequate representation under the requirements of Rule 651(c).   

Further, adding yet two more additional bricks to this ever growing pyramid of incompetence although post-conviction counsel repeatedly referred to trial counsel's argument during the hearing on the motion 
in limine
 as support for petitioner's claim that the fire was accidental, counsel failed to attach the transcript of that hearing to the amended petition.  And even more egregious is the fact that post-conviction counsel failed to bring a copy of the transcript with him to the hearing on the State's motion to dismiss.

The State asserts that the underlying claim of ineffectiveness of trial counsel lacks any merit because the testimony presented at the motion 
in limine
 hearing clearly establishes that the police report would not have impeached Officer Burns' testimony and therefore post-conviction counsel's failure to amend the petition to include a copy of the police report, transcript or affidavits did not prejudice petitioner.  We reject this argument.  We will not "speculate whether the trial court would have dismissed the petition without an evidentiary hearing if counsel had adequately performed his duties under Rule 651(c)."  
People v. Turner
, 187 Ill. 2d 406, 416 (1999) (citing 
People v. Johnson
, 154 Ill. 2d 227, 246 (1993)).  This is especially true as the trial judge explicitly stated that she rejected petitioner's argument that the fire was the result of an accident 
because "there [was] not one shred of credible evidence set forth in the [amended] petition to support that conclusion."

2. Failure To Allege Ineffectiveness of Appellate Counsel

Petitioner also claims that post-conviction counsel was inadequate for failing to allege appellate counsel's ineffectiveness (for failure to raise the issue of trial counsel's ineffectiveness for failure to introduce the police report into evidence, to impeach Officer Burns' testimony with the police report and to call the police officers who drafted the report to testify during the trial)
.  

In his 
pro se
 post-conviction petition, petitioner alleged that his appellate counsel was ineffective for failing to raise the issue of trial counsel's ineffectiveness for failing to introduce into evidence the police report that classified the fire as accidental
.  In the amended petition, however, it was only alleged that 
trial counsel
 was ineffective for failing to raise this issue.  There was no mention of appellate counsel's ineffectiveness for not raising the issue of trial counsel's ineffectiveness with respect to the police report.  Therefore, the trial judge held that the issue of trial counsel's ineffectiveness was waived.

The trial judge was correct in holding that post-conviction counsel's failure to allege that appellate counsel was ineffective for not raising the issue of trial counsel's ineffectiveness with respect to the police report waived the issue of trial counsel's ineffectiveness with respect to the police report.  However, there is an exception to the waiver doctrine in post-conviction proceedings.  Petitioner correctly asserts that if post-conviction counsel had in fact alleged that appellate counsel was ineffective for not raising the issue of trial counsel's ineffectiveness with regard to the police report, the trial judge could not have dismissed the argument on the basis of waiver.  
People v. Turner
, 187 Ill. 2d 406, 413 (1999); 
People v. Flores
, 153 Ill. 2d 264, 277 (1992).  Our supreme court has held that a failure of post-conviction counsel to "make a routine amendment to [a] post-conviction petition which would overcome the procedural bar of waiver" constitutes unreasonable assistance in violation of Rule 651(c).  
Turner
, 187 Ill. 2d at 412-413.  Therefore, our analysis leads us to find that post-conviction counsel's failure to assert appellate counsel's ineffectiveness, especially where it was properly alleged in the 
pro se
 petition, was patently unreasonable. 

CONCLUSION

Post-conviction counsel's failure to attach to the amended petition a police report, transcript or affidavit supporting the conclusion that the fire was accidental, coupled with his failure to allege appellate counsel's ineffectiveness for failing to raise the issue of trial counsel's ineffectiveness with respect to this issue on direct appeal
, "fell below the level of assistance required by Rule 651(c)."  
Turner
, 187 Ill. 2d at 414.  Because this issue is dispositive, we need not address the remaining arguments on appeal.

Accordingly, the judgment of the circuit court of Cook County dismissing petitioner's amended post-conviction petition without an evidentiary hearing is reversed.  This cause is remanded to the circuit court with directions that new post-conviction counsel be appointed and that petitioner be allowed to replead his post-conviction petition.

Reversed and remanded with directions.

TULLY and COUSINS, JJ., concur.

        

  

FOOTNOTES
1: Although the record states that Officer Burns conducted his class at the scene of the fire on March 24, 
1989
, it is apparent from the context of Officer Burns' direct testimony and cross-examination testimony that he in fact conducted his class at the scene of the fire on March 24, 
1984
, the date of the fire at 4448 South Hermitage.