2021 IL App (2d) 180545
No. 2-18-0545
Opinion filed February 8, 2021

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 11-CF-1606 |
| DION ADDISON, | ) ) ) | Honorable T. Clinton Hull, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the judgment of the court, with opinion.
Justices Hutchinson and Birkett concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Dion Addison, appeals the second-stage dismissal of his petition filed under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)) in connection with his convictions of unlawful possession of a stolen motor vehicle (625 ILCS 5/4-103(a)(1) (West 2010)), possession of a converted motor vehicle (*id.*), theft (720 ILCS 5/16-1(a)(1) (West 2010)), and forgery (*id.* § 17-3(a)(2)). He contends that his appointed postconviction counsel provided unreasonable assistance, leading to forfeiture of his postconviction claims and dismissal of his petition. Defendant specifically alleges that counsel failed to (1) submit defendant's affidavit swearing that his statements to the police were involuntary and (2) allege ineffective assistance of

appellate counsel. We reverse and remand with directions to appoint new counsel and allow defendant to replead his postconviction petition.

¶ 2                                I. BACKGROUND

¶ 3     Defendant was indicted on February 22, 2012, in connection with his use of counterfeit money to purchase a motorcycle. Defendant failed to appear for a September 6, 2012, status date and arrived late to the January 10, 2013, pretrial conference. The court admonished defendant that, if he failed to appear, he could be tried *in absentia*.

¶ 4     At the pretrial conference, defendant moved *in limine* to bar statements that he made to the police. He alleged in part that his confession to knowingly using counterfeit bills to purchase a motorcycle was in exchange for a promise from a United States Secret Service (Secret Service) special agent that he would release defendant if he confessed. Both the hearing on the motion and the first day of trial were set for January 14, 2013. Defendant failed to appear for the hearing, and the court granted the State's motion to try defendant *in absentia*.

¶ 5     At the hearing on the motion *in limine*, Special Agent Shannon McDowell testified that he spoke with defendant at the Geneva, Illinois, police station. McDowell read *Miranda* warnings (see *Miranda v. Arizona*, 384 U.S. 436 (1966)) to defendant, and defendant signed a waiver form. McDowell testified that he made no promises to defendant and did not tell him that he would not be charged if he confessed. After defendant made his statement, McDowell talked to defendant about the potential of working with the Secret Service. The Geneva police then asked McDowell for his recommendation regarding defendant's custody status. McDowell explained to them that defendant could be charged or instead released "if he was going to obtain further information or [if] he was going to assist [the Secret Service]." To McDowell's knowledge, defendant was released from custody.

¶ 6    Defense counsel did not present any evidence, noting that he was unable to do so because defendant was absent. Counsel argued that the fact that defendant was released from custody implied that he was promised release in exchange for his confession. The court denied the motion.

¶ 7    At the jury trial, the State presented evidence that defendant was involved in the purchase of a motorcycle using counterfeit money. McDowell testified about defendant's confession, which included information that defendant purchased counterfeit bills from a man in Chicago. McDowell acknowledged that he asked defendant to assist in obtaining additional counterfeit money from that source. McDowell stated that, before defendant's confession, they never discussed the possibility of defendant avoiding charges in exchange for cooperation. McDowell also acknowledged that defendant was ultimately charged because he failed to provide any information about the source.

¶ 8    Defendant presented no evidence and was found guilty. New counsel was appointed, who filed a posttrial motion that was denied. Defendant was sentenced *in absentia*. On June 1, 2013, defendant was arrested. He moved to reconsider the sentence—that motion was denied. On direct appeal, appellate counsel moved for a summary order to correct the mittimus to reflect two additional days of sentencing credit. Appellate counsel raised no other issues and no briefs were filed. The motion was unopposed, and we granted it in a minute order.

¶ 9    On March 25, 2015, defendant filed a *pro se* postconviction petition. In it, he alleged 16 issues, including arguments that (1) his trial counsel was ineffective for failing to investigate or present evidence in connection with the motion *in limine*, (2) trial counsel should have filed a motion to suppress earlier in the case, and (3) the trial court erred in denying the motion *in limine*. He also alleged that his appellate counsel was ineffective for failing to raise the issues. Defendant

included an affidavit stating that he confessed because McDowell said that he would not be charged and would be released if he named the source of the counterfeit money.

¶ 10　The trial court advanced the petition to the second stage and appointed counsel. Postconviction counsel filed an amended petition (1) noting evidence that defendant gave multiple statements to the police and to McDowell and (2) alleging that trial counsel was ineffective for (a) failing to file a motion to suppress statements based on improper *Miranda* warnings; (b) failing to file a motion to suppress on the basis that the confession to McDowell was involuntary; (c) failing to object to expert testimony about the counterfeit money when no expert was disclosed; and (d) failing to challenge the sufficiency of the evidence when there was a discrepancy in the number of bills recovered, inventoried, and introduced into evidence. Counsel also alleged an error in the jury instructions. Counsel made no allegations regarding ineffective assistance of appellate counsel. Counsel filed a certificate under Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), stating that she consulted with defendant to ascertain his contentions, examined the trial court file and record of proceedings, and made any amendments to the petition as necessary for an adequate presentation of defendant's contentions.

¶ 11　Counsel attached (1) McDowell's investigation report describing defendant's cooperation with the Secret Service, (2) defendant's signed *Miranda* waiver, and (3) a form showing that he refused to make a written statement. Counsel did not submit an affidavit from defendant.

¶ 12　The State moved to dismiss, arguing that defendant's claims were procedurally barred because they could have been raised on direct appeal. The State also argued that defendant failed to show that any of the claims had merit and noted that there was no affidavit from defendant disputing McDowell's testimony.

¶ 13 At the hearing, the court asked postconviction counsel why she did not believe that the issues could have been raised on direct appeal. Counsel replied that appellate counsel had told defendant that issues not argued at trial could not be raised on appeal. However, postconviction counsel told the court that she felt that trial counsel truly had been ineffective. The court then stated:

> "I am just—I am just asking on the waiver argument.
>
> Everything that has been presented by way of the amended PCP are arguments that I believe could have been made on direct appeal. Arguments that you have brought forth are all matters that were in the record.
>
> So you don't have to have an answer. I just wondered if you wished to address it.
>
> Okay. I understand."

Counsel responded: "Other than that perhaps there was the same oversight on the appellate level the trial counsel had."

¶ 14 The trial court granted the motion to dismiss. In a written order the court found, without elaboration, that defendant failed to make a substantial showing of a violation of a constitutional right. Defendant appeals.

¶ 15                                                    II. ANALYSIS

¶ 16 Defendant contends that he did not receive reasonable assistance from his postconviction counsel when counsel (1) failed to file an affidavit from him supporting the allegations of the amended postconviction petition and (2) failed to allege ineffective assistance of appellate counsel. The State contends that defendant forfeited collateral review by failing to appear at trial and that he cannot show prejudice from any errors.

¶ 17    We first address the State's argument that defendant forfeited collateral review by failing to appear at trial. The State points to no relevant precedent for its assertion that "a defendant who waives his presence at trial also waives collateral review of any issue that could have been resolved had he appeared." The State offers the following statement, quoting from *People v. Rogers*, 2015 IL App (2d) 130412, ¶ 82: " '[W]hen a defendant's trial and subsequent conviction [were] the result of his or her own decision ***, the defendant cannot claim the protection intended for those who attack their convictions on constitutional grounds.' " The State edits the sentence from *Rogers* by removing text from the middle and the end.  In light of the full text of the proposition, which we quote below (*infra* ¶ 18), *Rogers* is inapplicable.

¶ 18    In *Rogers*, the defendant pleaded guilty and later filed a postconviction petition that the court summarily dismissed. We held that defendant's petition set forth the gist of a claim of ineffective assistance of counsel and that the trial court's dismissal at the first stage was improper. Accordingly, we reversed and remanded for further proceedings. *Id.* ¶ 5. After further postconviction proceedings, the trial court allowed the defendant to withdraw her plea. *Id.* ¶ 82. The court vacated the judgment entered on the plea, and the defendant's case ultimately proceeded to a jury trial. *Id.* ¶ 6. She was convicted and received a greater sentence than she received after her guilty plea. *Id.* ¶¶ 4, 62-63. On appeal, she claimed that section 5-5-4(a) of the Unified Code of Corrections (730 ILCS 5/5-5-4(a) (West 2010)) barred the court from imposing a sentence greater than what she received previously. When a conviction or sentence is set aside on collateral attack, section 5-5-4(a) prohibits a trial court from imposing a new sentence more severe than the prior sentence. *Id.* We rejected the defendant's interpretation of section 5-5-4(a). We said: "[W]hen a defendant's trial and subsequent conviction were the result of his or her own decision *to withdraw a guilty plea*, the defendant cannot claim the protection intended for those who attack their

convictions on constitutional grounds by either direct review or collateral attack." (Emphasis added.) *Rogers*, 2015 IL App (2d) 130412, ¶ 82. With the emphasis restored, we see the narrow scope of *Rogers*'s holding. *Rogers*'s specific question was whether a court could increase a sentence after a defendant's plea is voluntarily withdrawn. Contrary to what the State's edited quotation would suggest, we made no general comment on how a defendant's voluntary actions impact the availability of collateral relief. We certainly made no specific comment on the ability of a defendant tried *in absentia* to seek collateral relief.

¶ 19    Fortunately, there is more pertinent case law. Regarding a defendant's failure to appeal, even though willful absence, our supreme court has held that "[t]he Post-Conviction Hearing Act provides a separate remedy, the availability of which is not contingent upon exhaustion of any other remedy." *People v. Rose*, 43 Ill. 2d 273, 279 (1969). "[A] party who fails to take an appeal, whether by careful choice, inadvertence, indigence, or as a result of fleeing the jurisdiction as here, may waive claims of error, but any right which may have existed to a post-conviction hearing on the constitutionality of imprisonment will remain undiminished." *Id.*

¶ 20    Under *Rose*, defendant's failure to appear at trial did not extinguish his right to bring proper constitutional claims in a collateral proceeding. Regarding *Rose*'s reference to waiver, we note that many of defendant's claims allege the ineffective assistance of counsel. Normally, such claims cannot be resolved during a trial—they are reserved for direct appeal or collateral review. Therefore, defendant could not have forfeited those claims by failing to appear at trial. Nor did defendant forfeit his ineffectiveness claims specific to appellate counsel when he failed to oppose counsel's motion for a summary order. See *People v. Jones*, 364 Ill. App. 3d 1, 5 (2005) (rejecting argument that a defendant's failure to respond to appellate counsel's motion under *Anders v.*

*California*, 386 U.S. 738 (1967), results in the waiver of all future claims, including those more properly pursued in a collateral, postconviction proceeding).

¶ 21　On the merits, defendant argues that postconviction counsel failed to comply with Rule 651(c) by neglecting to adequately support defendant's claims with an affidavit and by failing to amend the petition to include claims of ineffective assistance of appellate counsel.

¶ 22　We address first the failure to amend. Defendant argues that, by that failure, postconviction counsel unreasonably allowed claims of ineffective assistance to be forfeited. The State responds that counsel adequately complied with Rule 651(c) and that defendant cannot show prejudice.

¶ 23　The Act provides a three-stage mechanism for a defendant to advance a claim that he or she suffered a substantial deprivation of constitutional rights. *People v. Barcik*, 365 Ill. App. 3d 183, 190 (2006). At the first stage, the trial court must independently review the petition within 90 days of its filing and determine whether it is frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2016). At this stage, the petition needs to present only a limited amount of detail to set forth the gist of a meritorious constitutional claim. *People v. Edwards*, 197 Ill. 2d 239, 244 (2001). If the trial court does not dismiss the petition as frivolous or patently without merit, the petition advances to second-stage proceedings. *People v. Lesley*, 2018 IL 122100, ¶ 31.

¶ 24　At the second stage of postconviction proceedings, the trial court may appoint counsel for an indigent defendant. 725 ILCS 5/122-4 (West 2016). The State may file a motion to dismiss or an answer (*id.* § 122-5). "If the State moves to dismiss, the trial court may hold a dismissal hearing, which is still part of the second stage." *People v. Wheeler*, 392 Ill. App. 3d 303, 308 (2009). To survive dismissal, the petition must make a substantial showing of a constitutional violation. *Edwards*, 197 Ill. 2d at 246. The trial court is foreclosed from engaging in any fact-finding at this stage because all well-pleaded facts are to be taken as true unless they are rebutted by the record.

*Wheeler*, 392 Ill. App. 3d at 308. A postconviction petitioner is not entitled to an evidentiary hearing as a matter of right. *People v. Coleman*, 183 Ill. 2d 366, 381 (1998). To require an evidentiary hearing, the petition's allegations must be supported by the record or by accompanying affidavits. *Id.*

¶ 25    In a postconviction proceeding, there is no constitutional right to the assistance of counsel. Instead, the right to counsel is wholly statutory. *People v. Suarez*, 224 Ill. 2d 37, 42 (2007); see 725 ILCS 5/122-4 (West 2016). Petitioners are entitled only to the level of assistance granted by the Act, which provides for a reasonable level of assistance. *People v. Turner*, 187 Ill. 2d 406, 410 (1999); *People v. Flores*, 153 Ill. 2d 264, 276 (1992). To ensure that postconviction petitioners receive this level of assistance, Rule 651(c) requires that the record or a filed certificate must disclose that postconviction counsel

> "consulted with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

Compliance with the rule is mandatory and, as noted, may be shown by a certificate filed by postconviction counsel. *People v. Perkins*, 229 Ill. 2d 34, 50 (2007).

¶ 26    Here, postconviction counsel filed a certificate pursuant to Rule 651(c), asserting that she consulted by "mail/telephone/in person" with defendant to ascertain his contentions of deprivation of constitutional rights; that she examined the court file and record of proceedings at the trial; and that she made any amendments necessary for adequate presentation of defendant's claims. The filing of a Rule 651(c) certificate gives rise to a presumption that postconviction counsel provided

reasonable assistance during second-stage proceedings under the Act. *People v. Rossi*, 387 Ill. App. 3d 1054, 1060 (2009). A defendant may overcome this presumption by demonstrating counsel's failure to substantially comply with the duties mandated by the rule. See *People v. Richardson*, 382 Ill. App. 3d 248, 257 (2008).

¶ 27 Defendant argues that postconviction counsel violated Rule 651(c) by failing to amend his *pro se* petition to present his claims in appropriate legal form, where counsel allowed the claims to be forfeited by failing to allege that appellate counsel was ineffective for not raising them. We agree.

¶ 28 Generally, where postconviction claims could have been raised on direct appeal but were not, they are forfeited. *Turner*, 187 Ill. 2d at 412-13. However, if postconviction counsel amends the postconviction petition to allege ineffective assistance of appellate counsel for failing to raise the petitioner's claims on direct appeal, the claims are not procedurally barred. *Id.* at 413. "Our supreme court has held that a failure of postconviction counsel to 'make a routine amendment to [a] post-conviction petition which would overcome the procedural bar of waiver' constitutes unreasonable assistance in violation of Rule 651(c)." *People v. Kluppelberg*, 327 Ill. App. 3d 939, 947 (2002) (quoting *Turner*, 187 Ill. 2d at 414). Thus, a postconviction counsel's failure to allege appellate counsel's ineffectiveness, especially where it was properly alleged in the *pro se* petition, is "patently unreasonable." *Id.*

¶ 29 Here, in his *pro se* postconviction petition, defendant raised multiple allegations of ineffective assistance of trial and appellate counsel, including the claim that he was denied his right to effective assistance of both trial and appellate counsel based on the alleged failure of trial counsel to properly present his claim that his statement to McDowell was involuntary. In her amended postconviction petition, postconviction counsel also alleged multiple claims of

ineffective assistance of trial counsel but did not address the performance of appellate counsel. Not only did counsel fail to allege ineffective assistance of appellate counsel, she also did not attempt to present such claims when the State argued forfeiture in its motion to dismiss—even though the trial court alertly questioned why she did not include any such claims. Postconviction counsel's failure constitutes unreasonable assistance under Rule 651(c). By failing to allege ineffective assistance of appellate counsel, postconviction counsel "prevented the circuit court from considering the merits of petitioner's claims and directly contributed to the dismissal of the petition without an evidentiary hearing." *Turner*, 187 Ill. 2d at 413.

¶ 30    The State argues, however, that we should affirm because defendant failed to show prejudice by demonstrating that his underlying claims had merit. However, "a defendant is not required to make a positive showing that his counsel's failure to comply with Rule 651(c) caused prejudice." *People v. Nitz*, 2011 IL App (2d) 100031, ¶ 18. Counsel must show compliance with Rule 651(c) regardless of whether the claims made in the petitioner's *pro se* or amended postconviction petition are viable. *Suarez*, 224 Ill. 2d at 47, 51-52. A "remand is required where postconviction counsel failed to fulfill the duties of consultation, examining the record, and amendment of the *pro se* petition, regardless of whether the claims raised in the petition had merit." *Id.* at 47. This compliance is required because the rationale behind Rule 651(c) is that the limited right to counsel under the Act cannot be fully realized when postconviction counsel does not adequately fulfill his or her duties under the rule. *Id.* at 43-44, 51. Thus, claiming harmless error is no excuse for noncompliance with Rule 651(c). *Id.* at 52.

¶ 31    In *Turner*, where, as here, postconviction counsel failed to allege ineffective assistance of appellate counsel, our supreme court rejected the argument that the defendant could not demonstrate prejudice in that his underlying claim lacked merit. The court noted that

postconviction counsel's failure to overcome forfeiture was itself "palpable" prejudice. *Turner*, 187 Ill. 2d at 415. The court refused to speculate whether the trial court would have dismissed the petition if counsel had adequately performed his duties under Rule 651(c). *Id.* at 416.

¶ 32    The State attempts to distinguish *Turner* by arguing that counsel's performance here was less deficient. But *Turner* is controlling. Here, just as in *Turner*, postconviction counsel failed to allege ineffective assistance of appellate counsel, thus allowing the underlying claims to be fortified. By doing so, counsel deprived defendant of any decision on the merits of those claims.

¶ 33    Further, like the defendant in *Turner*, defendant here argues that postconviction counsel unreasonably failed to attach defendant's affidavit in support of his claims or explain its absence. Normally, such an omission is fatal to a defendant's claims. See *id.* at 414. The State argues that the failure to include the affidavit did not prejudice defendant, because his assertions that he confessed based on promises made by McDowell could not have been presented at trial due to his willful absence. We agree that, in this respect, the affidavit may not have been necessary to support defendant's claims. However, because we are remanding and directing the appointment of new counsel based on postconviction counsel's failure to allege appellate counsel's ineffectiveness, we need not address that issue. See *Kluppelberg*, 327 Ill. App. 3d at 947-48 (declining to address remaining issues when remanding for appointment of new postconviction counsel and to allow the petitioner to replead his postconviction petition).

¶ 34                                  III. CONCLUSION

¶ 35    For the reasons stated, we reverse the judgment of the circuit court of Kane County. Further, we remand the cause with directions to appoint new counsel and to allow defendant to replead his postconviction petition.

¶ 36    Reversed and remanded with directions.

**No. 2-18-0545**

| | |
|---|---|
| **Cite as:** | *People v. Addison*, 2021 IL App (2d) 180545 |
| **Decision Under Review:** | Appeal from the Circuit Court of Kane County, No. 11-CF-1606; the Hon. T. Clinton Hull, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Douglas R. Hoff, and Stephanie T. Puente, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Joseph H. McMahon, State's Attorney, of St. Charles (Patrick Delfino, Edward R. Psenicka, and Mary Beth Burns, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |