2022 IL App (2d) 210304-U
No. 2-21-0304
Order filed August 16, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 94 CF 2373 |
| KENNETH R. SMITH, | ) ) ) | Honorable Julia A. Yetter, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE BRIDGES delivered the judgment of the court.
Justices McLaren and Hutchinson concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Postconviction counsel violated his duty to provide reasonable assistance where he did not avoid forfeiture of the underlying claim by alleging that appellate counsel was ineffective for failing to raise the claim on direct appeal. Therefore, we vacate the second-stage dismissal of the petition and remand for further proceedings.

¶ 2    Defendant, Kenneth R. Smith, appeals the second-stage dismissal of his amended postconviction petition. He argues that his postconviction counsel provided unreasonable assistance, in violation of Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), by failing to (1) adequately amend his petition and (2) attach a verification affidavit. We vacate and remand with directions.

¶ 3                                    I. BACKGROUND

¶ 4        In 1996, following a bench trial, defendant was convicted of three counts of first-degree murder (720 ILCS 5/9-1(a)(1)-(3) (West 1994)) and one count of armed robbery (*id.* § 18-2(a)). The trial court denied defendant's motion for a new trial, and the matter proceeded to sentencing.

¶ 5        Defendant was subject to a sentencing range for first-degree murder from 20 to 60 years in prison. See 730 ILCS 5/5-8-1(a)(1)(a) (West 1994). The State sought the death penalty. See 720 ILCS 5/9-1(b) (West 1994). On March 22, 1996, defendant waived his right to have a jury determine his eligibility for the death penalty and whether the death penalty should be imposed. See *Id.* § 9-1(d)(3). Following a capital sentencing hearing, the trial court expressly found facts beyond a reasonable doubt that made defendant eligible for the death penalty. However, the court declined to impose a sentence of death and instead imposed a sentence of natural life in prison. See 730 ILCS 5/5-8-1(a)(1)(b) (West 1994). Defendant filed a motion for reconsideration of his sentence, which the trial court denied.

¶ 6        Defendant appealed. He argued: (1) the trial court erred in admitting certain evidence, (2) the State did not prove him guilty beyond a reasonable doubt, and (3) his sentence was excessive. We affirmed. *People v. Smith*, 318 Ill. App. 3d 64 (2000).

¶ 7        On October 15, 2001, defendant filed a *pro se* petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122 *et seq.* (West 2000)). Defendant claimed (1) that his natural life sentence was unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). *Apprendi* held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," and (2) that trial and appellate counsel were ineffective for failing to raise the issue. In support of his *Apprendi* claim, defendant argued that, because the sentencing range for

murder was from 20 to 60 years in prison, his sentence of natural life was unconstitutional because "[t]he enhancing factors were not presented in the indictment, nor were they proved beyond a reasonable doubt." The trial court took no action on the petition.[1]

¶ 8       Fourteen years later, on January 4, 2016, defendant filed a second *pro se* petition under the Act. Defendant claimed that (1) he was actually innocent and (2) his life sentence was imposed without consideration of his rehabilitative potential.

¶ 9       On October 24, 2016, the trial court advanced both pending petitions to the second stage and appointed counsel.

¶ 10      On August 26, 2020, appointed counsel filed an amended postconviction petition, claiming that (1) defendant was denied the effective assistance of trial counsel when counsel failed to call particular witnesses and present certain evidence, and (2) defendant's natural life sentence was unconstitutional under *Apprendi*.

¶ 11      At issue in this appeal is counsel's second claim. Postconviction counsel claimed that the trial court violated *Apprendi* because, until the eligibility phase of the death-penalty proceedings, it did not find that "the murdered individual was actually killed by [defendant]." Counsel cited *People v. Joyner*, 317 Ill. App. 3d 93, 110 (2000), which held that section 5-8-1(a)(1)(b) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-8-1(a)(1)(b) (West 1994)), authorizing a natural life sentence for first-degree murder, was unconstitutional, because it made "no provision for the submission of the exceptionally brutal and heinous issue to a jury, nor does it require that

---

[1]According to the State, defendant misfiled his initial petition in Cook County. The Kane County Clerk's office received the petition on October 15, 2001. The State had no knowledge of the petition because defendant did not serve the State.

the State prove that fact beyond a reasonable doubt at any stage." Counsel also noted that section 5-8-1(a)(1)(b) had been amended since *Joyner* and now required a "trier of fact" (rather than "the court") to make the requisite findings beyond a reasonable doubt. See 730 ILCS 5/5-8-1(a)(1)(b) (West 2020)).

¶ 12     Postconviction counsel also filed a Rule 651(c) certificate, stating that he (1) "reviewed the Petitions filed by [defendant]," (2) "reviewed the records contained within the court file *** and reviewed a copy of the transcripts, including trial and sentencing transcripts," and (3) "consulted with [defendant] in person, through legal calls, and by mail to the extent necessary to adequately represent his contentions of error in the proceedings and thereafter filed an Amended Post-Conviction Petition."

¶ 13     On December 1, 2020, the State moved to dismiss the amended petition. On the sentencing claim, the State argued first that *Joyner*, aside from being "wholly inapposite," was no longer good law. See *People v. Rivera,* 333 Ill. App. 3d 1092, 1104 (2001). The State further argued that *People v. Ford*, 198 Ill. 2d 68 (2001), was dispositive. In *Ford*, the supreme court held that, when a defendant is found eligible for the death penalty by proof beyond a reasonable doubt, an extended-term sentence complies with *Apprendi*. *Id.* at 75. The State noted that the trial court found facts beyond a reasonable doubt that made defendant eligible for the death penalty, yet the court decided instead to impose a natural life sentence.

¶ 14     On March 15, 2021, the trial court held a hearing on the State's motion to dismiss. The majority of the parties' arguments concerned defendant's claims of ineffective assistance of trial counsel. Regarding defendant's sentencing claim, the State briefly argued that the claim (1) was forfeited because it could have been raised on direct appeal and (2) failed as a matter of law based on *Ford*. In response, defense counsel stated that he would "stand on [his] argument." He argued

that, contrary to *Apprendi*'s holding, the trial court made the required findings at the sentencing hearing rather than at trial. He asserted that "the statute [*i.e.*, section 5-8-1(a)(1)(b) of the Unified Code] is now different." Specifically, at the time of sentencing, section 5-8-1(a)(1)(b) required "the court" to make certain findings (but did not specify a standard of proof) (730 ILCS 5/5-8-1(a)(1)(b) (West 1994)), but the section had since been amended to require "the finder of fact" to make the findings beyond a reasonable doubt (730 ILCS 5/5-8-1(a)(1)(b) (West 2020)). Counsel did not address the State's argument regarding forfeiture.

¶ 15    The trial court granted the State's motion and dismissed the petition. The court first found that defendant failed to make a substantial showing that he was denied his right to the effective assistance of trial counsel. Next, the court found that defendant forfeited his sentencing claim. The court noted that *Joyner* was decided by our court on November 8, 2000, and that defendant's direct appeal was not decided until December 28, 2000. Thus, the court found that defendant could have raised the issue on direct appeal.

¶ 16    This timely appeal followed.

¶ 17                                II. ANALYSIS

¶ 18    Defendant contends that postconviction counsel violated Rule 651(c) by failing to present defendant's *Apprendi* claim in appropriate legal form to avoid forfeiture. Defendant also contends that counsel failed to attach a signed verification affidavit as required by the Act. See 725 ILCS 5/122-1(b) (West 2020). Defendant argues that we should reverse the dismissal of the amended petition and remand for additional second-stage proceedings, with new counsel appointed to represent him.

¶ 19    In response, the State contends that this court "may affirm the judgment on any basis supported by the record." The State argues that, because it relied on *Ford* in its motion to dismiss,

*Ford* provides ample support for this court to affirm the dismissal. The State argues that, because the underlying *Apprendi* claim fails as a matter of law under *Ford*, postconviction counsel could not have been unreasonable for failing to amend the petition to ensure that the trial court reached the merits of that claim.

¶ 20    The Act provides a method by which persons under criminal sentence can assert that their conviction or sentence was the result of a substantial denial of their constitutional rights. 725 ILCS 5/122-1(a)(1) (West 2020); *People v. Addison*, 2021 IL App (2d) 180545, ¶ 23. "A postconviction proceeding is a collateral attack on the prior conviction or sentence that does not relitigate a defendant's innocence or guilt." *People v. Kirkpatrick*, 2012 IL App (2d) 100898, ¶ 10. Claims that were decided on direct appeal are generally barred by the doctrine of *res judicata*, and claims that could have been, but were not, raised in an earlier proceeding are forfeited. *People v. Blair*, 215 Ill. 2d 427, 443-44 (2005). A claim that appellate counsel was ineffective for failing to raise an issue on direct appeal circumvents the doctrine of forfeiture. *People v. Childress*, 191 Ill. 2d 168, 174-75 (2000).

¶ 21    The Act establishes a three-stage process for the adjudication of a postconviction petition. *Id.* At the first stage, the trial court has 90 days to review the petition without the input of any party, and it may summarily dismiss the petition if it finds it to be frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2020); *Addison*, 2021 IL App (2d) 180545, ¶ 23. If a petition is not summarily dismissed at the first stage, it advances to the second stage, where an indigent petitioner can obtain appointed counsel. 725 ILCS 5/122-2.1(b), 122-4 (West 2020); *Addison*, 2021 IL App (2d) 180545, ¶¶ 23-24. "[A]fter counsel has made any necessary amendments to the petition, the State may move to dismiss it. [Citations.] If the State moves to dismiss, the trial court may hold a dismissal hearing, which is still part of the second stage.

[Citation.]" *Kirkpatrick*, 2012 IL App (2d) 100898, ¶ 13. If the defendant makes a substantial showing of a constitutional violation, the petition advances to the third stage, where the trial court conducts an evidentiary hearing. 725 ILCS 5/122-6 (West 2020); *People v. Boclair*, 202 Ill. 2d 89, 100 (2002).

¶ 22     There is no constitutional right to the effective assistance of counsel in postconviction proceedings. *People v. Suarez*, 224 Ill. 2d 37, 42 (2007). The right to counsel in postconviction proceedings is statutory (725 ILCS 5/122-4 (West 2020)), and the Act provides for a reasonable level of assistance (*Suarez*, 224 Ill. 2d at 42). Rule 651(c) is meant to ensure that petitioners receive a reasonable level of assistance. *Suarez*, 224 Ill. 2d at 42. The rule requires:

>    "The record filed in th[e] court shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. Rule 651(c) (eff. July 1, 2017).

Substantial compliance with the duties in Rule 651(c) is mandatory. *People v. Lander*, 215 Ill. 2d 577, 584 (2005). Postconviction counsel may show compliance by filing a Rule 651(c) certificate. *Id.* We review *de novo* counsel's compliance with Rule 651(c). *People v. Moore*, 2018 IL App (2d) 170120, ¶ 34.

¶ 23     Here, postconviction counsel filed a Rule 651(c) certificate. Therefore, a presumption arose that defendant received reasonable assistance of counsel as contemplated by Rule 651(c). See *Addison*, 2021 IL App (2d) 180545, ¶ 26. However, a defendant can rebut the presumption by showing that counsel failed to substantially comply with the rule's requirements. See *id.* Defendant

contends that he rebutted the presumption. According to defendant, postconviction counsel's failure to allege appellate counsel's ineffectiveness for neglecting to raise the *Apprendi* issue on direct appeal—an allegation necessary to avoid forfeiture—violated Rule 651)(c)'s requirement that counsel "[make] any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. Rule 651(c) (eff. July 1, 2017). We agree.

¶ 24    As noted, postconviction counsel can overcome the procedural bar of forfeiture by alleging that appellate counsel was ineffective for failing to raise the claim on appeal. *Childress*, 191 Ill. 2d at 174-75. Our supreme court has held that the failure of postconviction counsel to "make a routine amendment to [a] post-conviction petition which would overcome the procedural bar of [forfeiture]" constitutes unreasonable assistance in violation of Rule 651(c). *People v. Turner*, 187 Ill. 2d 406, 414-15 (1999). Recently, in *Addison*, we relied on *Turner* in holding that the defendant rebutted the presumption of reasonable assistance, as postconviction counsel had amended the defendant's *pro se* petition to allege multiple claims of ineffective assistance of trial counsel but, as here, did not address the performance of appellate counsel. *Addison*, 2021 IL App (2d) 180545, ¶ 29. We rejected the State's argument that we should affirm because the underlying claims lacked merit. *Id.* ¶¶ 30-31. We noted that, in *Turner*, the supreme court rejected a similar argument, stating that "postconviction counsel's failure to overcome forfeiture was itself 'palpable' prejudice." *Id.* ¶ 31 (quoting *Turner*, 187 Ill. 2d at 415).[2]

_____

[2]On September 29, 2021, the supreme court granted the State's petition for leave to appeal in *Addison*.

¶ 25    Defendant directs us to several additional cases where the reviewing court, relying on *Turner*, reversed a second-stage dismissal and remanded for further proceedings because postconviction counsel failed to amend the petition to allege appellate counsel's ineffectiveness and thus avoid forfeiture. See *People v. Kirk*, 2012 IL App (1st) 101606, ¶ 36; *People v. Schlosser*, 2012 IL App (1st) 092523, ¶ 33, 35; *People v. Milam*, 2012 IL App (1st) 100832, ¶¶ 36, 40; *People v. Kluppelberg*, 327 Ill. App. 3d 939, 947-48 (2002). The State does not address, much less distinguish, any of the cases relied on by defendant, arguing only that the underlying *Apprendi* claim lacks merit. Nor does the State direct us to any cases holding that a reviewing court may, in this procedural posture, examine the merits of the forfeited underlying claim.

¶ 26    Here, had counsel alleged the ineffective assistance of appellate counsel for failing to raise the *Apprendi* issue on direct appeal, the trial court would not have dismissed the claim as forfeited. Thus, because alleging the ineffectiveness of appellate counsel was necessary to avoid forfeiture of the sentencing claim, it was "patently unreasonable" for postconviction counsel to omit that allegation in the amended petition, especially since it was included in the *pro se* petition. See *Kluppelberg*, 327 Ill. App. 3d at 947.

¶ 27    Because postconviction counsel's failure to shape the *Apprendi* claim into proper legal form requires us to reverse the dismissal of the petition, we need not consider whether counsel's failure to provide a signed verification affidavit with the petition (see 725 ILCS 5/122-1(b) (West 2020)) also supplies a basis for reversal even though the lack of a verification affidavit was not a basis for the State's motion to dismiss or the trial court's dismissal of the petition. See *People v. Kirkpatrick*, 2012 IL App (2d) 100898, ¶ 27 (lack of a verification affidavit became a moot issue where the State did not challenge the defect and it was not the reason for the court's dismissal).

¶ 28                                    III. CONCLUSION

¶ 29    For the reasons stated, we vacate the judgment of the circuit court of Kane County dismissing defendant's amended postconviction petition. We remand the cause with directions to appoint new postconviction counsel and to allow defendant to replead his postconviction petition. See *People v. Schlosser*, 2017 IL App (1st) 150355, ¶ 36 ("[I]t was error to reappoint the same APD [assistant public defender] after this court found that his representation [in postconviction proceedings] was unreasonable.").

¶ 30    Vacated and remanded with directions.