# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**People v. Schlosser, 2012 IL App (1st) 092523**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN SCHLOSSER, Defendant-Appellant. |
| District & No. | First District, Sixth Division<br>Docket No. 1-09-2523 |
| Rule 23 Order filed<br>Rehearing allowed<br>Opinion filed | June 30, 2011<br>June 7, 2012<br>June 15, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The dismissal of defendant's *pro se* postconviction petition was reversed and the cause was remanded for a second-stage evaluation after allowing defendant to amend the petition to assert a claim of ineffective assistance of appellate counsel, since defendant's appointed postconviction counsel failed to perform his duties under Supreme Court Rule 651(c) when he chose to stand on defendant's *pro se* petition, but later admitted at the hearing on the petition that he failed to amend the petition to include defendant's claim of ineffective assistance of his appellate counsel. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 04-CR-13410; the Hon. John Joseph Hynes, Judge, presiding. |
| Judgment | Reversed and remanded with instructions. |

Counsel on
Appeal

Michael J. Pelletier, Alan D. Goldberg, and David C. Holland, all of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Mary Needham, and William L. Foffenetti, Assistant State's Attorneys, of counsel), for the People.

Panel

PRESIDING JUSTICE R. GORDON delivered the judgment of the court, with opinion.

Justices Garcia and Palmer concurred in the judgment and opinion.

## OPINION

¶ 1    Defendant John Schlosser appeals an order of the circuit court of Cook County dismissing his postconviction petition under stage two. Following a bench trial, defendant was convicted of involuntary manslaughter, aggravated battery, aggravated battery of a senior citizen, and two counts of home invasion. Defendant was subsequently sentenced to 22 years in the Illinois Department of Corrections. We vacated his convictions for aggravated battery, involuntary manslaughter and one count of home invasion, and affirmed the remaining count of home invasion and aggravated battery of a senior citizen. The sentence was left unchanged. *People v. Schlosser*, No. 1-06-1832 (2007) (unpublished order under Supreme Court Rule 23).

¶ 2    Defendant then filed a *pro se* petition for postconviction relief, arguing that he had not been proven guilty beyond a reasonable doubt and that his sentence was unfair. Defendant's postconviction petition proceeded to a second-stage review where the circuit court appointed counsel for defendant. Counsel filed a certificate under Illinois Supreme Court Rule 651(c) (eff. Dec. 1, 1984), but did not amend defendant's *pro se* petition. The postconviction petition was dismissed because defendant's claims were "barred by the doctrine of waiver" and "not legally sufficient under the [Post-Conviction Hearing] Act as they [were] entirely conclusory." *People v. Schlosser*, No. 1-09-2523 (2011) (unpublished order under Supreme Court Rule 23). This court affirmed the circuit court's order, but granted defendant's petition for rehearing.[1] For the following reasons, we reverse and remand.

---

[1]Justice Robert Cahill originally sat on the panel for this appeal and participated in its disposition. Justice Cahill passed away prior to the disposition of defendant's petition for rehearing. Therefore, Justice Stuart Palmer now serves in his stead and has reviewed the briefs, record, and the original decision and has participated in oral argument in granting the petition for rehearing.

¶ 3                                      BACKGROUND

¶ 4        At trial, Debra Pasciak testified that she, defendant, and two others designed a plan to retrieve items from dumpsters in order to sell and exchange them for money to buy crack cocaine. After purchasing and smoking the crack cocaine, they attempted to retrieve more items from dumpsters to exchange for money to buy more crack cocaine. In this effort, Pasciak testified, Louise Howes Lusk, another member of the group, informed them that drugs would be delivered to a certain location. The group went to this location to wait, but later noticed that Lusk had left. Pasciak testified that defendant became angry, believing that Lusk had taken the money that was to be used for the purchase of the drugs. Pasciak testified that defendant drove to Lusk's home, where he pounded on the door and subsequently pushed it open. Pasciak heard a scuffle, and heard Lusk and her 80-year-old father, Fred Howes (victim), tell defendant to leave their home. After hearing more noise, Pasciak testified, defendant left the house and told her that he "smacked them."

¶ 5        Lusk testified to substantially the same events and further testified that after she returned home she went upstairs. She then heard a loud pounding followed by yelling. Lusk testified that when she went downstairs, she observed defendant and the victim with their hands on each other. Lusk attempted to separate the victim from defendant, and when they were eventually separated, the victim went to call 911. Lusk testified that defendant attempted to prevent the victim from making a call and another scuffle ensued. Lusk then observed defendant strike the victim with his fist in the head, causing the victim to fall to the floor. Lusk further testified defendant then struck her in the back of the head with his fist and left. The victim refused medical assistance and did not press charges.

¶ 6        Defendant testified that, when he approached Lusk's home, the victim opened the door about a foot. Defendant introduced himself and said he was a friend of Lusk. Defendant then told the victim he was there because Lusk had stolen his money, and an argument between the two ensued. Defendant further testified that when Lusk tried to separate them, he threw a "wild punch" that struck the victim on the left side of the face, and he subsequently struck Lusk on the back of the head when she tried to help her father.

¶ 7        Oak Lawn Police Sergeant Ross Finnelly testified that he interviewed defendant the day after the incident. Finnelly testified defendant told him that he went to the Lusk residence because Lusk owed him money. Defendant first told Finnelly that he was invited into the house, and that when he entered the home, he began "raging" and yelling. Defendant further claimed that during this time the victim picked up a chair, causing defendant to feel threatened. Finnelly testified he informed defendant that there were "some inconsistencies" in his statement "based on the police's investigation." Defendant then informed Finnelly that he was not invited into the home, but rather the door was open wide enough for him to enter, and that the victim did not pick up a chair, nor did defendant feel threatened. Finnelly testified he again told defendant there were "some inconsistencies," and defendant then admitted that he pushed his way into the home.

¶ 8        The day after the incident, Lusk testified that the victim informed her he did not feel well. The victim was taken to a hospital, and the parties stipulated that surgery was performed to

relieve intercranial bleeding caused by a subdural hematoma to the head. The victim died nearly two months later. The medical examiner testified that the victim's death was caused by pneumonia, which occurred after being hospitalized for the surgery. The medical examiner also opined that the hematoma was caused by blunt trauma consistent with a punch to the head.

¶ 9 On direct appeal, defendant claimed that the convictions for aggravated battery and involuntary manslaughter had to be vacated because they were based on one physical act. Defendant further claimed that one of the home invasion convictions had to be vacated because there was only a single entry. Finally, defendant argued that his conviction for aggravated battery of a senior citizen had to be vacated because it was a lesser-included offense of home invasion. As noted, we vacated the convictions for aggravated battery, involuntary manslaughter, and one count of home invasion. We affirmed the remaining convictions for one count of home invasion and aggravated battery of a senior citizen, and the sentence was left unchanged.

¶ 10 Defendant then filed this postconviction petition. Defendant alleges that the evidence at trial was insufficient to prove his guilt beyond a reasonable doubt of home invasion and aggravated battery of a senior citizen and that his sentencing hearing was unfair. The trial court appointed the office of the public defender to represent defendant. Counsel filed a Rule 651(c) certificate stating that he communicated with defendant, that he examined the trial transcripts, and that he did not amend the petition because it adequately presented defendant's claims. Ill. S. Ct. R. 651(c) (eff. Dec. 1, 1984). The State filed a motion to dismiss, which the trial court granted, stating that defendant's claims were "barred by the doctrine of waiver" and "not legally sufficient under the Act as they are entirely conclusory." On appeal, defendant claims postconviction counsel rendered ineffective assistance and violated Illinois Supreme Court Rule 651(c) (eff. Dec. 1, 1984) when he failed to amend defendant's *pro se* petition to include an allegation of ineffective assistance of appellate counsel in appealing the sufficiency of the evidence and the unfairness of the sentence. For the following reasons, we reverse and remand.

¶ 11                                               ANALYSIS

¶ 12 When we review a trial court's dismissal of a postconviction petition without an evidentiary hearing, we apply a *de novo* standard of review. *People v. Suarez*, 224 Ill. 2d 37, 42 (2007); *People v. Coleman*, 183 Ill. 2d 366, 388-89 (1998). *De novo* consideration means we perform the same analysis that a trial judge would perform. *Khan v. BDO Seidman, LLP*, 408 Ill. App. 3d 564, 578 (2011).

¶ 13 Defendant's only argument on appeal is that he was denied his right to reasonable assistance of counsel during the proceedings on his postconviction petition. There is no constitutional right to the assistance of counsel in postconviction proceedings; the right to counsel is wholly statutory (725 ILCS 5/122-4 (West 2008)), and defendants are only entitled to the level of assistance provided for by the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2008)). *People v. Turner*, 187 Ill. 2d 406, 410 (1999).

¶ 14 The Act allows for an imprisoned person to file a petition if the proceeding that resulted

in conviction substantially denied "his or her rights under the Constitution of the United States or of the State of Illinois or both." 725 ILCS 5/122-1(a)(1) (West 2008). To be entitled to postconviction relief, a defendant must show that he or she suffered a substantial deprivation of his federal or state constitutional rights in the proceedings that produced the conviction or sentence being challenged. *People v. Lacy*, 407 Ill. App. 3d 442, 455 (2011).

¶ 15    In noncapital cases, the Act provides for three stages. *Lacy*, 407 Ill. App. 3d at 455. At the first stage, the trial court has 90 days to review a petition and may summarily dismiss it if the trial court finds that the petition is frivolous and patently without merit. *Lacy*, 407 Ill. App. 3d at 455. If the trial court does not dismiss the petition within that period, the trial court must docket it for further consideration. *Lacy*, 407 Ill. App. 3d at 455. In the second stage of a postconviction proceeding, the defendant bears the burden of making a substantial showing of a constitutional violation. *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006). The Act provides that counsel may be appointed for defendant at the second stage if the defendant is indigent. 725 ILCS 5/122-4 (West 2008); *Lacy*, 407 Ill. App. 3d at 455.

¶ 16    Counsel's duties, pursuant to Supreme Court Rule 651(c), include: (1) consulting with the defendant to ascertain his contentions of deprivation of constitutional right, (2) examining the record of the proceedings at the trial, and (3) making any amendments to the *pro se* petition that are necessary for an adequate presentation of petitioner's contentions. Ill. S. Ct. R. 651 (eff. Dec. 1, 1984); *Pendleton*, 223 Ill. 2d at 472. Postconviction counsel is required only to investigate and properly present defendant's claims. See *People v. Greer*, 212 Ill. 2d 192, 205 (2004); *People v. Davis*, 156 Ill. 2d 149, 164 (1993).

¶ 17    After defense counsel's amendments, if necessary, to the petition, the State is then allowed to file responsive pleadings and may either answer or move to dismiss the petition. 725 ILCS 5/122-5 (West 2008); *Pendleton*, 223 Ill. 2d at 472. The trial court must then determine whether the petition and any attached documents make a substantial showing of a constitutional violation. 725 ILCS 5/122-6 (West 2008); *Pendleton*, 223 Ill. 2d at 473. If such a showing is made, the petition proceeds to the third stage where the court conducts an evidentiary hearing on the merits of the petition. 725 ILCS 5/122-6 (West 2008); *People v. Boclair*, 202 Ill. 2d 89, 100 (2002).

¶ 18    In the case at bar, defendant's petition proceeded to the second stage. The Act provides for a reasonable level of assistance to defendant in postconviction proceedings. *People v. Flores*, 153 Ill. 2d 264, 276 (1992). The legislature anticipated that most of the petitions falling under the Act would be filed *pro se* by prisoners who did not have the aid of counsel in their preparation. *People v. Johnson*, 154 Ill. 2d 227, 237 (1993). The Act imposed duties on postconviction counsel to ensure that a prisoner's complaints would be adequately presented, and the statute envisioned that the attorney appointed to represent an indigent person would ascertain the basis of his complaints, shape those complaints into appropriate legal form and present the prisoner's constitutional contentions to the court. *Johnson*, 154 Ill. 2d at 237-38 (citing *People v. Owens*, 139 Ill. 2d 351, 359 (1990), and *People v. Slaughter*, 39 Ill. 2d 278, 285 (1968)). To ensure that defendants receive this level of assistance, Supreme Court Rule 651(c) imposes specific duties on postconviction counsel and requires that the record disclose that counsel has fulfilled his mandatory duties. Supreme Court Rule 651(c) requires postconviction counsel to file an affidavit certifying that he has

complied with these requirements. Ill. S. Ct. R. 651 (eff. Dec. 1, 1984).

¶ 19 Defendant argues in his appeal only that postconviction counsel's failure to amend his *pro se* postconviction petition to avoid the application of "waiver" rendered his assistance unreasonable under Supreme Court Rule 651(c). Defendant's counsel claimed that the *pro se* postconviction petition adequately presented defendant's claims of a constitutional violation. The record shows that counsel attempted to argue defendant's claim of ineffective assistance of appellate counsel for failure to raise a sufficiency of the evidence claim on direct appeal during the hearing, and the trial court found that the claim was forfeited because counsel had failed to include it by amending the postconviction petition. Thus, defendant argues that his postconviction counsel's deficient representation resulted in the petition being barred by *res judicata*, as the circuit court specifically cited "waiver" as a basis for granting the State's motion to dismiss. Defendant argues in this appeal only for a new second-stage proceeding with competent counsel.

¶ 20 In response, the State argues that defendant's postconviction counsel complied with Rule 651(c) and nothing in the record contradicts counsel's representation as reasonable. The State claims that counsel's decision to stand on defendant's *pro se* petition does not itself constitute unreasonable assistance of counsel. The State further asserts that counsel orally amended the *pro se* petition during the hearing on the State's motion to dismiss.

¶ 21 The Illinois Supreme Court has held that Rule 651(c) requires the record on appeal to show that counsel made amendments to the *pro se* petition which were necessary for an adequate presentation of defendant's contentions. *Johnson*, 154 Ill. 2d at 243; *Turner*, 187 Ill. 2d at 412. The duty to adequately or properly present defendant's substantive claims "necessarily includes attempting to overcome procedural bars *** that will result in dismissal of a petition if not rebutted." *People v. Perkins*, 229 Ill. 2d 34, 44 (2007). Postconviction counsel must meet these procedural requirements in order to present a constitutional claim adequately under the Act. See *Johnson*, 154 Ill. 2d at 246; *Perkins*, 229 Ill. 2d at 44.

¶ 22 The exact same issue as in the case at bar was present in *Turner*, where the supreme court held Rule 651(c) requires counsel to amend a *pro se* petition to allege ineffective assistance of appellate counsel to avoid the procedural bar of waiver. *Turner*, 187 Ill. 2d at 412-14. In *Turner*, the defendant also filed a *pro se* postconviction petition and argued on appeal that he was denied his right to reasonable assistance of counsel during postconviction proceedings. *Turner*, 187 Ill. 2d at 410. The *Turner* court first faulted postconviction counsel with failing to amend the petition to allege ineffective assistance of appellate counsel. *Turner*, 187 Ill. 2d at 413. Our supreme court then found that, when counsel elected to stand on the defendant's *pro se* petition, he rendered unreasonable assistance by failing to amend the petition to include an allegation that the defendant was prejudiced by the allegedly ineffective assistance of his trial counsel and that the evidence allegedly withheld from the defendant by the State was material. *Turner*, 187 Ill. 2d at 413. Finally, the defendant's counsel failed to attach any affidavits to support the claims in the postconviction petition based on evidence outside the record on direct appeal or offer any explanations for their absence. *Turner*, 187 Ill. 2d at 414. The *Turner* court held that counsel failed to make a routine amendment to the postconviction petition that would have overcome the procedural bar of waiver and chose to stand on a *pro se* petition that omitted essential elements of

defendant's constitutional claims and contained virtually no evidentiary support. *Turner*, 187 Ill. 2d at 414. The *Turner* court found counsel's actions to be "a total failure of representation" and required that the defendant must be given an opportunity to present his claims and replead his postconviction petition with the benefit of reasonable assistance of counsel. *Turner*, 187 Ill. 2d at 415, 417.

¶ 23    In both the case at bar and in *Turner*, postconviction counsel elected to stand on the *pro se* petition and, in doing so, failed to amend the petition to allege ineffective assistance of appellate counsel to avoid the bar of *res judicata*, which triggered the circuit court's dismissal. *Turner*, 187 Ill. 2d at 412-13. The trial court in *Turner* gave the same ruling the trial court issued in the present case, as it held that the claims in the defendant's postconviction petition were waived because they could have been raised on direct appeal but were not. *Turner*, 187 Ill. 2d at 413. The *Turner* court stated, "If petitioner's counsel had amended the post-conviction petition to allege ineffective assistance of appellate counsel for failing to raise petitioner's claims on direct appeal, these claims would not have been barred by waiver" and noted "the ease with which a petitioner may evade the operation of waiver simply by arguing ineffective assistance of appellate counsel." *Turner*, 187 Ill. 2d at 413.

¶ 24    The *Turner* court emphasized that counsel's failure to amend the postconviction petition to allege ineffective assistance of appellate counsel prevented the trial court from considering the merits of the defendant's claims and directly contributed to the trial court's dismissal of the petition without an evidentiary hearing. *Turner*, 187 Ill. 2d at 413. The issues in the case at bar and in *Turner* are similar. Postconviction counsel in both the present case and in *Turner* failed to make additional amendments necessary for an adequate presentation of the defendant's *pro se* petition.

¶ 25    Counsel's performance in *Turner* was found to be unreasonable, as counsel failed to amend the postconviction petition to allege ineffective assistance of appellate counsel, a routine amendment that would have overcome the procedural bar of waiver. *Turner*, 187 Ill. 2d at 413, 414. Counsel also failed to make additional amendments that were essential elements of the defendant's legal claims when he did not amend the petition to include an allegation that the defendant was prejudiced by the allegedly ineffective assistance of his trial counsel and that the evidence allegedly withheld from defendant by the State was material. *Turner*, 187 Ill. 2d at 413. Similarly, in the case at bar, counsel failed to amend the petition to include an allegation that defendant was prejudiced by the allegedly ineffective assistance of his appellate counsel, who failed to raise the issue of the sufficiency of the evidence on direct appeal and failed to raise the harshness of defendant's sentence on direct appeal. In fact, in the case at bar, defendant's appointed counsel argued before the trial court that appellate counsel was ineffective for not raising the issue of the sufficiency of the evidence, but he failed to amend defendant's *pro se* postconviction petition to include it, and as a result, the trial court granted the State's motion to dismiss based on forfeiture.

¶ 26    Like the postconviction counsel in *Turner*, the postconviction counsel's performance in the present case is deemed unreasonable as he failed to comply with the duties imposed by Rule 651(c). See *Turner*, 187 Ill. 2d at 414.

¶ 27    However, the State argues that counsel did amend the petition and brought the issue of

ineffective assistance of appellate counsel before the trial court during the hearing on the State's motion to dismiss. During the hearing, counsel stated:

"I am standing on Mr. Schlosser's petition. I just want to clarify one thing. The allegation of the insufficiency of the evidence total [sic] the ineffective assistance of appellate counsel for not raising that issue, for not bringing up the lack of DNA. or lack of evidence or the lack of fingerprints or footprints. Straightforwardly states that's the main claim in the petition, Judge, and I am standing on the petition at this time."

While the State frames counsel's statement as a clarification of the issue raised by defendant, the trial court responded, "I don't see anything [in the petition] with regards to an allegation with appellate counsel's ineffectiveness." The issue of ineffective assistance of appellate counsel is nowhere mentioned in the trial court's subsequent order, which dismisses the petition because it failed to overcome the procedural bar of waiver.

¶ 28    Defendant's postconviction counsel effectively admits to the court that defendant's "main claim" includes ineffective assistance of appellate counsel, which he failed to include in defendant's petition. The trial court's response can be read as a rejection of counsel's attempt to amend defendant's petition during the hearing. *Turner* is also instructive on this specific issue: "Counsel did not overcome these omissions in the *pro se* postconviction petition itself by raising the additional elements of [defendant's] claims at the hearing on the State's motion to dismiss the postconviction petition." *Turner*, 187 Ill. 2d at 413. Postconviction counsel's statement during the hearing on the State's motion to dismiss does not sufficiently amend the petition and falls below the level of reasonable assistance required by Rule 651(c).

¶ 29    Defendant also argues that because the only relevant inquiry on this appeal is whether he received reasonable assistance from his postconviction counsel, the court should not use a "prejudice" standard to determine if counsel complied with Rule 651(c). Defendant argues that the Act provides for a reasonable level of assistance, as the duties mandated by Rule 651(c) ensure the quality of postconviction representation regardless of whether the petition presents a substantial constitutional claim. In response, the State claims that an examination of the record demonstrates that there is no merit to defendant's claim of ineffective assistance of appellate counsel. The State further argues that in order to support a claim of ineffective assistance of counsel, defendant must establish substantial prejudice to him that likely would have affected the outcome of the case.

¶ 30    Our supreme court has held that, even if the allegations in a petition were insufficient to raise a constitutional issue, it is error to dismiss a postconviction petition on the pleadings where there has been inadequate representation by counsel. *People v. Suarez*, 224 Ill. 2d 37, 47 (2007) (citing *People v. Jones*, 43 Ill. 2d 160, 162 (1969)). Despite the State's claims that there is no merit to defendant's claim of ineffective assistance of appellate counsel, the Illinois Supreme Court "has consistently held that remand is required where postconviction counsel failed to fulfill the duties of consultation, examining the record, and amendment of the *pro se* petition, regardless of whether the claims raised in the petition had merit." *Suarez*, 224 Ill. 2d at 47.

¶ 31    Rather than the appellate or supreme court, it is the trial court that reviews the record to determine whether a defendant is able to make a substantial showing of a constitutional

violation: "We cannot simply presume, however, that the trial court would have dismissed the petition without an evidentiary hearing if counsel had adequately performed his duties under Rule 651(c). It is the duty of the trial court *** to determine on the basis of a complete record whether the postconviction claims require an evidentiary hearing." *Johnson*, 154 Ill. 2d at 246.

¶ 32 Our supreme court's Rule 651(c) analysis has been driven, not by whether a defendant's claims have any merit or if he can establish substantial prejudice, but by the understanding that when postconviction counsel does not adequately complete the duties mandated by the rule, the limited right to counsel conferred by the Act cannot be fully realized. See *Suarez*, 224 Ill. 2d at 47. When postconviction counsel in the case at bar chose to stand on defendant's *pro se* petition, but later admitted to the trial court during a hearing that he failed to amend the petition to include his defendant's main claim of ineffective assistance of appellate counsel, the "failure to amend the postconviction petition precluded consideration of petitioner's claims on the merits and directly contributed to the dismissal of the petition without an evidentiary hearing." *Turner*, 187 Ill. 2d at 415. In such situations, our supreme court has declared "it is improper to affirm the dismissal of a postconviction petition when this court finds that postconviction counsel's performance was so deficient that it amounts to virtually no representation at all." *Turner*, 187 Ill. 2d at 415-16.

¶ 33 The State also argues that because postconviction counsel filed a certificate of compliance under Rule 651(c), counsel has proven that he has provided reasonable assistance to the defendant. The Illinois Supreme Court has made clear that the purpose of Rule 651(c) is not merely formal. *Suarez*, 224 Ill. 2d at 47 (quoting *People v. Brown*, 52 Ill. 2d 227, 230 (1992)). Our supreme court has "not *** suggest[ed] that an attorney's Rule 651(c) certificate is conclusive of compliance and can never be rebutted." *Perkins*, 229 Ill. 2d at 52. In the case at bar, postconviction counsel's admission to the trial court during the hearing on the State's motion to dismiss that he failed to amend the *pro se* petition to include defendant's main claim of ineffective assistance of appellate counsel clearly demonstrates that counsel did not comply with the duties imposed by Rule 651(c). Counsel cannot fulfill his Rule 651(c) duties simply by filing a certificate if he has not provided adequate assistance.

¶ 34                                       CONCLUSION

¶ 35 For the reasons stated, we reverse and remand with directions to the trial court to conduct a second-stage evaluation after allowing defendant leave to amend his amended petition to assert a claim of ineffective assistance of appellate counsel. *Turner*, 187 Ill. 2d at 417.

¶ 36 Reversed and remanded with instructions.