2023 IL App (1st) 211205-U

No. 1-21-1205

Second Division
March 28, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| | ) | No. 14 C3 30459 |
| v. | ) ) | |
| MARVIN GUERRERO, | ) ) | Honorable Marc W. Martin, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE COBBS delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Howse concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court's order dismissing defendant's postconviction petition after second-stage proceedings is vacated and the cause remanded for further proceedings where postconviction counsel failed to comply with the duties set forth in Supreme Court Rule 651(c) (eff. July 1, 2017) by failing to amend the petition to include an allegation of ineffective assistance of appellate counsel.

¶ 2    Following a bench trial, defendant-appellant Marvin Guerrero was found guilty of two counts of a controlled substance with intent to deliver (720 ILCS 570/401(c)(1), (c)(2) (West

2014)), sentenced to 24 years' imprisonment, and fined $25,000. This court affirmed on direct appeal. *People v. Guerrero*, 2017 IL App (1st) 152002-U (unpublished order under Supreme Court Rule 23). He now appeals from the second-stage dismissal of his *pro se* petition for postconviction relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)). Defendant requests that this court remand his petition for further second-stage proceedings, arguing that he received unreasonable assistance from his appointed postconviction counsel in violation of Illinois Supreme Court Rule 651(c) (    eff. July 1, 2017). For the reasons that follow, we vacate the circuit court's judgment and remand with directions for further proceedings under the Act.

¶ 3                                I. BACKGROUND

¶ 4     Following the execution of a search warrant on May 29, 2014, defendant was arrested and charged with two counts of possession of controlled substances with the intent to deliver, namely cocaine and heroin, and two counts of possession of controlled substances, namely tramadol and hydromorphone. The following evidence was adduced at trial.

¶ 5     On May 29, 2014, around 9 p.m., Mount Prospect police detective Alison Teevan arrived at 410 Perrie Drive, Apt. 302, in Elk Grove Village, to execute a search warrant. From about 25 to 30 feet away from the building, Detective Teevan surveilled the exterior of the west side of the building. She observed one window on the third floor that was open with the blinds raised and the room was lit from within. When the investigative team knocked on the door and yelled "[p]olice," she observed defendant in the open window and saw him throw something out of the window. She recovered the item, which was a large prescription bottle containing 21 individually packaged baggies that contained suspect crack cocaine, 14 tinfoil packets that contained suspect heroin and 42 various prescription pills, and a plastic bag containing a powdery substance. She testified that,

based on her training and experience as a narcotics officer, the packaging of the items was consistent with the sale of narcotics. When Detective Teevan entered the apartment, Ian Denbroeder and Melissa LeBron, were being detained in the living room and defendant, his girlfriend, Bonnie Mercado, and their infant son, were being detained in the bedroom. The police searched a pair of shorts, which defendant identified as his, and recovered a bag of cannabis, $690, and defendant's state identification card. Defendant's sister, Andra Guerrero, and 11 children were detained in another bedroom.

¶ 6　　Defendant was taken into custody. Detective Teevan spoke with him the following day and he informed her that he had been living at the apartment for two weeks. He denied throwing the drugs out of the window and claimed Denbroeder ran into the bedroom, threw the drugs out of the window, and ran back to the living room before the police entered. A few hours later, Detective Teevan had another conversation with defendant, during which he stated that he was only selling drugs to provide for his family and also, he identified from whom he had obtained the crack cocaine and heroin. On cross-examination, Detective Teevan acknowledged that she did not memorialize defendant's statement and admitted that the drugs could have been for personal use but it was an excessive amount.

¶ 7　　The parties stipulated that Nancy McDonagh, a forensic scientist with the Illinois State Police Crime Lab, would testify that 17 of the 21 bags of suspect cocaine were tested, with a positive result of 5.4 grams of cocaine. She would also testify that 8 of the 14 tinfoil packets were tested, with a positive result of 1.1 grams of heroin. Further, she analyzed 35 pills that resembled a schedule II pharmaceutical preparation containing hydromorphone and the remaining 7 pills resembled a schedule IV pharmaceutical containing Tramadol.

¶ 8　　The State rested, and defendant filed a motion for a directed verdict, which the court denied.

¶ 9    For the defense, Mercado testified that at 9 p.m. on May 29, 2014, she, defendant, and their baby were asleep when Denbroeder ran into the bedroom, said the police were outside, tossed something out of the bedroom window, and ran back to the living room. Mercado stated that the lights were off in the bedroom and the windows were open but the blinds were closed.

¶ 10    Defendant testified to substantially the same sequence of events as Mercado. Additionally, he admitted that the police recovered cannabis, $690, and his identification card from his shorts, despite being unemployed for a year. He explained the money was for child support owed to Mercado. He denied telling Detective Teevan that he sold drugs to provide for his family. He further testified that he told Detective Teevan that Denbroeder threw the drugs out of the window and that he did not sell drugs.

¶ 11    In rebuttal, the parties stipulated that defendant had a 2008 felony conviction for manufacture and delivery of a controlled substance.

¶ 12    The court denied defendant's motion to reconsider the evidence or grant a new trial.

¶ 13    The court found defendant guilty of two counts of possession of a controlled substance with intent to deliver, sentenced him to 24 years' imprisonment, and fined him $25,000. The court denied defendant's motion to reconsider his sentence.

¶ 14    On direct appeal, defendant argued that he was not proven guilty beyond a reasonable doubt, the circuit court exhibited impermissible judicial bias, and his sentence and fine were excessive. This court affirmed his conviction and sentence and also held that there was no evidence of judicial bias. *People v. Guerrero*, 2017 IL App (1st) 1152002-U. The supreme court denied defendant's petition for leave to appeal. *People v. Guerrero*, No. 122840 (Jan. 18, 2018).

¶ 15    On February 13, 2018, defendant filed an initial *pro se* postconviction petition, alleging: (1) newly discovered evidence of actual innocence; (2) ineffective assistance of trial counsel; (3)

the trial court improperly relied on a confidential informant's statements to police in finding him guilty; (4) the State committed a *Brady* violation in withholding the name of the informant and not calling the informant as a witness at trial; and (5) prosecutorial misconduct by making improper or misleading statements to the court and overstating the strength of the evidence.

¶ 16    In regards to his ineffective assistance of trial counsel claim, defendant specifically argued that his trial counsel was ineffective for failing to obtain the name and statement of a confidential informant and for failing to seek to have the informant brought to court to testify. He contends that the informant could testify at trial that defendant was not a drug dealer. These failures, defendant alleged, violated his sixth amendment right to effective assistance of trial counsel.

¶ 17    In support of his petition, defendant attached several documents. Defendant's affidavit stated that the police recovered a drug kit belonging to his roommate and his roommate was the individual who threw the drugs out of the window. He refers to the police report that states that a confidential informant claimed that defendant sold him drugs and contends that this informant should have been called as a witness at trial. Because the informant was not called, defendant was not able to cross-examine or impeach the informant. He further averred that he asked trial counsel to conduct DNA testing of the recovered drug kit to prove his roommate's ownership of the kit and if the drugs matched those that were thrown out of the window, he could prove his innocence. Finally, he stated that trial counsel also failed "to call a witness to [testify] on [his] behalf[.]"

¶ 18    Defendant also attached the police report. The report detailed the items recovered from execution of the search warrant, including the drug kit, and further stated that a confidential informant purchased drugs from defendant on three separate occasions. The information from the informant formed the basis of the search warrant.

¶ 19 On May 8, 2018, the circuit court appointed counsel and advanced the petition to second-stage proceedings. In doing so, the court found that there was no merit to defendant's claim that trial counsel was ineffective for not producing the informant at trial, but nonetheless found that defendant's claim that trial counsel was ineffective for failing to conduct a DNA test on the recovered drug kit was not rebutted by the record and, taking the allegation as true, the petition should be advanced for further proceedings.

¶ 20 Because defendant challenges postconviction counsel's assistance, we provide details from the record regarding counsel's efforts following her appointment.

¶ 21 The record shows that on January 18, 2019, counsel requested the common law record and transcripts, and there were orders in the record directing those documents to be released to counsel. Further, the record shows that counsel spoke with witnesses. On May 24, 2019, counsel informed the court that she had spoken with defendant and also one of the witnesses relevant to defendant's petition. She further stated that she still needed to speak with another witness and had left a message with him. On July 12, 2019, counsel stated that her investigator was still attempting to contact a witness.

¶ 22 On September 13, 2019, postconviction counsel filed a certificate pursuant to Supreme Court Rule 651(c), which stated:

"1. I have consulted with the petitioner, Marvin Guerrero[,] personally to ascertain his contentions of deprivation of constitutional rights[.]

2. I have reviewed the appellate records I have been unable to review the trial file from private trial attorney. But, I had a teleconference with the attorney[.]

3. I have reviewed the court file looking specifically for any and all Pre-trial Motions for discovery and Motions for a new trial.

[4.] I have analyzed the appellate records as well as the orders from the appellate court for both 15-2002[.]

5. I have obtained and examined the transcript of his bench trial and sentencing in this case[.]

[6.] I have not filed an Amended Petition for Post-Conviction Relief. The *pro se* successive petition for post-conviction relief does adequately set forth the petitioner's claims of deprivation of his constitutional rights."

¶ 23    On December 14, 2020, the State filed a motion to dismiss the petition. On June 11, 2021, the court heard arguments on the motion. The State argued that no documentation was attached to the petition to show that the informant could have been discovered by trial counsel or that the informant would have provided exculpatory information for defendant. The State also pointed to evidence in the record that defendant was observed dropping the drugs from the window. Finally, the State asserted that all of defendant's claims were based on the record and thus could have been raised on direct appeal.

¶ 24    Following the State's argument, postconviction counsel stated that she had asked defendant about an alleged witness but she could not locate him. She filed a Rule 651(c) certificate because she could not find anything to support some of defendant's claims. She then stood on the *pro se* petition.

¶ 25    On September 10, 2021, the circuit court granted the State's motion to dismiss. In doing so, the court dismissed the newly discovered evidence claim, stating that "[t]he matters discussed in [defendant's] affidavit and the police report were available to [defendant] prior to trial." As relevant here, in regards to defendant's argument that his counsel should have brought the informant to trial, the court stated the following:

"Another situation which the State may be required to produce an informant is in conjunction with a pre-trial motion challenging a search warrant pursuant to *Franks v. Delaware*. In this context, the defendant must make a substantial preliminary showing that the allegations in the search warrant complaint are false or were made with reckless disregard for the truth. While not expressly argued by the petitioner, the notion that the petitioner had a viable *Franks* motion is speculative and not based on anything contained in the post-conviction submission. The petition raises nothing showing that counsel acted unreasonably by not seeking revelation of the confidential informant through a *Franks* motion. Again, the petition does not make a legally sufficient showing of prejudice. The ineffective assistance of counsel claims in the post-conviction petition are dismissed."

Finally, the court stated that defendant's claims that the trial court improperly relied on an informant's hearsay statements "could have been raised on appeal and were not, thus they are forfeited."

¶ 26    This appeal followed.

¶ 27                                    II. ANALYSIS

¶ 28    On appeal, defendant solely claims that his postconviction counsel failed to provide reasonable assistance in accordance with Illinois Supreme Court 651(c) (eff. July 1, 2017).

¶ 29    The Act provides a method for a defendant to collaterally attack a criminal conviction by asserting it resulted from a "substantial denial" of his constitutional rights. 725 ILCS 5/1221 (West 2016); *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). However, "any issues considered by the court on direct appeal are barred by the doctrine of *res judicata*, and issues which could have been considered on direct appeal are deemed procedurally defaulted." *People v. Ligon*, 239 Ill. 2d 94, 103 (2010). A postconviction proceeding in a noncapital case has three stages. *Hodges*, 234 Ill. 2d

at 10. At the first stage, a trial court may summarily dismiss a postconviction petition within 90 days if it "determines the petition is frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2016).

¶ 30    At the second-stage, as here, counsel can be retained or appointed, and defendant must show that his petition makes a substantial showing of a constitutional violation. *People v. Morales*, 2019 IL App (1st) 160225, ¶ 17. If the court appoints counsel, appointed counsel is required to file a certificate showing that counsel has consulted with the defendant, examined the record of trial proceedings, and made any necessary amendments to the petition. *People v. Cotto*, 2016 IL 119006, ¶ 27; Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

¶ 31    During the second-stage, the State can participate and either answer the petition or move to dismiss. *Id.* "Dismissal is warranted *** where the defendant's claims, liberally construed in light of the trial record, fail to make a substantial showing of a constitutional violation." *People v. Turner*, 2012 IL App (2d) 100819, ¶ 21. The court examines only "the legal sufficiency of the petition" and does not engage in "any fact-finding or credibility determinations." (Internal quotation marks omitted.). *People v. Domagala*, 2013 IL 113688, ¶ 35. A claim is said to make a "substantial showing" if its allegation of a constitutional violation, as supported by independent, corroborative evidence, would entitle the defendant to relief if proven at an evidentiary hearing. *Id.* We review the trial court's dismissal of a postconviction petition at the second-stage *de novo*. *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006).

¶ 32    Defendant contends that appointed postconviction counsel's assistance was unreasonable because counsel "failed to amend his *pro se* post-conviction petition, failed to substantively challenge the State's motion to dismiss his petition, and failed to argue the merits of his claims before the court." He further contends that postconviction counsel essentially conceded the State's

arguments at the hearing on the motion to dismiss and failed to withdraw and allow defendant to advance his claims on his own or through new counsel, after filing the Rule 651(c) certificate. He requests this court remand his case to the circuit court with directions to appoint an attorney "who will properly amend and support his petition, or fulfill the obligation to withdraw." Notably, "[n]o issue is raised concerning the sufficiency of the post-conviction pleadings[.]"

¶ 33    Although every criminal defendant must be afforded the effective assistance of counsel under the sixth amendment of the United States Constitution and the Illinois Constitution (U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8), there is no constitutional right to the assistance of counsel in postconviction proceedings (*People v. Suarez*, 224 Ill. 2d 37, 42 (2007)). Rather, the right to counsel in such proceedings finds its authority in the Act. See 725 ILCS 5/122-4 (West 2016). The Act provides for a reasonable level of assistance, and to ensure that reasonable assistance is provided, Rule 651(c) imposes specific duties upon postconviction counsel. *Suarez*, 224 Ill. 2d at 42. Pursuant to Rule 651(c), the certificate must show that counsel: (1) consulted with the petitioner to ascertain his contentions of constitutional deprivations; (2) examined the record of the trial proceedings; and (3) made any amendments to the filed *pro se* petitions necessary to adequately present the petitioner's contentions. See Ill. S. Ct. 651(c) (eff. July 1, 2017); *People v. Profit*, 2012 IL App (1st) 101307, ¶ 18 (citing *People v. Perkins*, 229 Ill. 2d 34, 42 (2007)). Substantial compliance with the rule is sufficient. *Id.* Counsel's duties under Rule 651(c) "do not include bolstering every claim in a petitioner's *pro se* postconviction petition, regardless of its legal merit, or presenting each and every witness or shred of evidence the petitioner believes could potentially support his petition." *People v. Custer*, 2019 IL 123339, ¶ 38. When counsel files a facially valid Rule 651(c) certificate, there is a rebuttable presumption that counsel provided reasonable assistance. *People v. Quezada*, 2022 IL App (2d) 210076, ¶ 14. The defendant then

bears the burden of demonstrating that counsel failed to substantially comply with the rule. *Profit*, 2012 IL App (1st) 101307, ¶ 19. Whether postconviction counsel provided reasonable assistance in compliance with Rule 651(c) is also reviewed *de novo*. *Suarez*, 224 Ill. 2d at 41-42.

¶ 34    In the case before us, defendant's postconviction counsel filed a facially valid Rule 651(c) certificate which gives rise to a presumption that counsel provided reasonable assistance. See *Profit*, 2012 IL App (1st) 101307, ¶ 19. Our supreme court has not suggested that the filing of a facially valid Rule 651(c) certificate results in rubber-stamp approval of counsel's assistance. *Perkins*, 229 Ill. 2d 34, 52 (2007); see also *People v. Schlosser*, 2012 IL App (1st) 092523, ¶ 33 ("Counsel cannot fulfill his Rule 651(c) duties simply by filing a certificate if he has not provided adequate assistance."). A certificate is not conclusive evidence of compliance; it merely creates a rebuttable presumption. *Id.*

¶ 35    The State asserts that defendant cannot rebut the presumption because the record demonstrates that appointed counsel substantially complied with the requirements of Rule 651(c). The State refers to multiple instances in the record where appointed counsel referred to her efforts to investigate defendant's claims. Additionally, the State points out that defendant does not allege that counsel did not have sufficient discussions with him regarding his petition and there is nothing in the record to support defendant's assertion that counsel's assistance was unreasonable. We agree with the State to the extent that the record supports counsel's statements regarding her investigation of defendant's claims and her review of the record.

¶ 36    The record reveals that counsel informed the court that she had spoken with defendant and that she needed access to the record and trial transcripts. The court entered orders to facilitate counsel's request. On multiple other court dates, counsel referenced witnesses whom defendant wanted her to investigate. She eventually informed the court that she was unable to contact one

witness despite multiple attempts. As such, the record supports counsel's statements that she consulted with defendant and conducted a review of the records available to her.

¶ 37 Nonetheless, defendant argues that the presumption of substantial compliance is rebutted by counsel's clear failure to amend the petition to include a claim of ineffective assistance of appellate counsel for failure to raise a claim of prosecutorial misconduct on direct appeal, which was necessary to avoid forfeiture of the underlying claim. He further contends that counsel failed to shape defendant's claims regarding the informant into a *Franks* claim, to strengthen defendant's claim of a *Brady* violation by addressing the requisite elements, and to provide an affidavit from the informant to support defendant's allegations.

¶ 38 Postconviction counsel has a duty to make any amendments to an already filed *pro se* petition as necessary to adequately represent and present the defendant's contentions. *Profit*, 2012 IL App (1st) 101307, ¶ 18; see also *People v. Johnson*, 154 Ill. 2d 227, 238 (1993) (postconviction counsel must shape petitioner's complaints in *pro se* petition into "appropriate legal form"). However, "[t]here is no requirement that post-conviction counsel *must* amend a petitioner's *pro se* post-conviction petition." (Emphasis added.) *People v. Turner*, 187 Ill. 2d 406, 412 (1999). "Although counsel may raise additional issues if he or she so chooses, counsel is not required to do so." *People v. Kirk*, 2012 IL App (1st) 101606, ¶ 21. There is no requirement that postconviction counsel "advance frivolous or spurious claims." *People v. Greer*, 212 Ill. 2d 192, 205 (2004). Nonetheless, "[a]n adequate proper presentation of a petitioner's substantive claims necessarily includes attempting to overcome procedural bars *** that will result in dismissal of a petition if not rebutted." *People v. Perkins*, 229 Ill. 2d at 44.

¶ 39 Because we find the issue to be dispositive, we first address defendant's claim that the presumption of compliance is rebutted by counsel's failure to amend the petition to include an

allegation of ineffective assistance of appellate counsel for failure to raise a claim of prosecutorial misconduct on direct appeal.

¶ 40    This court has held on multiple occasions that postconviction counsel's failure to amend a postconviction petition to avoid forfeiture renders counsel's assistance unreasonable under Rule 651(c). See *People v. Schlosser*, 2012 IL App (1st) 092523; *People v. Kirk*, 2012 IL App (1st) 101606.

¶ 41    In *Schlosser*, the defendant argued that postconviction counsel's assistance was unreasonable because he failed to amend the petition to include an allegation that defendant was prejudiced by the allegedly ineffective assistance of appellate counsel, who failed to raise a number of issues on direct appeal. 2012 IL App (1st) 092523, ¶ 25. Postconviction counsel did, in fact, argue ineffective assistance of appellate counsel before the circuit court but the issue was never included in an amended petition, and the circuit court specifically noted its absence in ruling that the defendant's claim was waived and his petition dismissed. *Id.* ¶ 27. This court held that counsel's failure to make a routine amendment "directly contributed" to the dismissal of the petition. *Id.* ¶ 24. Accordingly, the court concluded that postconviction counsel's assistance fell below the level required by Rule 651(c) and reversed and remanded to allow the defendant to amend his petition. *Id.* ¶¶ 28, 35.

¶ 42    Similarly, in *Kirk*, the defendant asserted that postconviction counsel provided unreasonable assistance for failing to amend the petition to include an oral claim of ineffective assistance of appellate counsel, which counsel asserted during argument on the State's motion to dismiss. 2012 IL App (1st) 101606, ¶ 27. Relying on *Schlosser*, this court found that counsel did not comply with the duties imposed by Rule 651(c). *Id.* ¶ 31. The court thus reversed and remanded

to allow the defendant leave to amend his petition with a claim of ineffective assistance of appellate counsel. *Id.* ¶ 36.

¶ 43 We agree with *Schlosser and Kirk*. Reasonable assistance requires postconviction counsel to amend the petition to overcome procedural bars where possible. Postconviction counsel can overcome the procedural bar of forfeiture by alleging that appellate counsel was ineffective for failing to raise a claim on appeal. *People v. Childress*, 191 Ill. 2d 168, 174-75 (2000). The *Schlosser* court largely relied on the supreme court case of *People v. Turner* in finding that compliance with Rule 651(c) requires counsel "to make a routine amendment to the postconviction petition that would have overcome the procedural bar of waiver[.]" *Schlosser*, 2012 IL App (1st) 092523, ¶ 22 (citing *Turner*, 187 Ill. 2d at 414); see also *People v. Kluppelberg*, 327 Ill. App. 3d 939, 947 (2002) (citing to *Turner* in concluding that postconviction counsel's failure to assert appellate counsel's ineffectiveness in the amended petition, especially where it was properly alleged in the *pro se* petition, was "patently unreasonable"). The "routine amendment" at issue in *Schlosser*, as well as in *Turner*, was alleging ineffective assistance of appellate counsel. The *Turner* court noted "the ease with which a petitioner may evade the operation of waiver simply by arguing ineffective assistance of appellate counsel." 187 Ill. 2d at 413. The State points out that, in *Turner,* it appears that postconviction counsel did not file a Rule 651(c) certificate and thus there was no presumption of compliance. Be that as it may, the distinction does not nullify the import of *Turner*'s remarks regarding such "routine" amendments.

¶ 44 Here, the record shows that the circuit court expressly dismissed defendant's claim that the State committed prosecutorial misconduct as forfeited because it could have been raised on direct appeal. The court does not address the merits of that claim. Had counsel simply amended the petition to add a claim of ineffective assistance of appellate counsel, the procedural bar would have

been overcome and the court would have reached the merits.[1] Counsel stated in her certificate that she did not amend the petition because it "adequately set forth [defendant's] claims of deprivation of his constitutional rights." Because counsel's statement is contradicted by the clear need for an amendment to avoid forfeiture, we must conclude that the presumption of compliance with Rule 651(c) is rebutted by the record before us. See *Schlosser*, 2012 IL App (1st) 092523, ¶ 32 ("Counsel cannot fulfill his Rule 651(c) duties simply by filing a certificate if he has not provided adequate assistance.").

¶ 45    We note that, although this case differs from *Kirk* and *Schlosser* in that counsel here did not orally reference a claim of ineffective assistance of appellate counsel, we find that counsel should have been aware that such a claim would have at least avoided forfeiture of one or more of defendant's claims. The record shows that the State specifically argued in its motion to dismiss the petition that defendant's claims were forfeited as they could have been raised on direct appeal. This is a clear indication that a claim of ineffective assistance of appellate counsel should have been included in the petition in order to avoid forfeiture. Significantly, our supreme court has recognized that "counsel may seek leave to amend the petition to include those allegations [even] after the State has moved to dismiss" as the right to amend the petition is not limited. *Perkins*, 229 Ill. 2d at 49. Thus, after the State quite nearly identified the failure to include a claim of ineffective assistance of appellate counsel, postconviction counsel was on notice of the risk of forfeiture and should have sought leave to amend the petition to at least add such a routine claim. Counsel's failure to do so precluded the trial court from considering the merits of the claim. Accordingly,

---

[1] In dismissing the petition, the circuit court did not address defendant's claim that trial counsel should have sought DNA testing of the recovered drug kit. The court did, however, mention this claim when it advanced defendant's petition to second-stage proceedings. Defendant's DNA testing claim is yet another claim potentially ripe for review had counsel amended the petition to add defendant's ineffective assistance of appellate counsel claim.

counsel's assistance must be deemed unreasonable and the presumption of compliance with Rule 651(c) is rebutted. See *People v. Smith*, 2022 IL App (4th) 210582-U, ¶ 20 (unpublished order under Supreme Court Rule 23(c)) (holding that where forfeiture would be averted by an amendment alleging ineffective assistance of appellate counsel, such an amendment is necessary and the failure to do so rebuts the presumption of reasonable assistance).

¶ 46    Nonetheless, the State asserts that defendant has failed to show prejudice. The State posits that defendant has failed to demonstrate that his underlying claims had merit, and therefore, postconviction counsel had no duty to amend the petition to further a non-meritorious claim.

¶ 47    However, under these circumstances, a defendant is not required to show prejudice. *People v. Nitz*, 2011 IL App (2d) 100031, ¶ 18. This is so because the limited right to postconviction counsel under the Act cannot be fully realized where counsel does not adequately fulfill the duties set forth in Rule 651(c). *Suarez*, 224 Ill. 2d at 43-44. In such situations, our supreme court has repeatedly held that remand is required, regardless of whether the claims in the petition have merit. *Id.* at 47 (collecting cases); *Turner*, 187 Ill. 2d at 416 (same); see also *People v. Zareski*, 2017 IL App (1st) 150836, ¶ 55 (stating that "the *Suarez* rule only applies to counsel who have been appointed or retained at the second stage to assist a *pro se* petitioner," as such counsel are guided by Rule 651(c)); but see *People v. Profit*, 2012 IL App (1st) 101307, ¶ 23 (declining to follow this rule from *Suarez* because no certificate of compliance was filed in that case). Further, the supreme court has stated that the prejudice to a defendant is "palpable" where their postconviction counsel failed to overcome the procedural bar of forfeiture. *Turner*, 181 Ill. 2d at 416. In the instant case, counsel's unreasonable assistance served as a bar to the circuit court's consideration of the merits of defendant's petition, and we find it would be improper to consider a claim that the circuit court did not. See *id.* (stating that the reviewing court "will not speculate whether the trial court would

have dismissed the petition without an evidentiary hearing if counsel had adequately performed his duties under Rule 651(c)").

¶ 48    Accordingly, because counsel did not comply with her duties under Rule 651(c) by amending the petition to include a rote claim of ineffective assistance of appellate counsel, we will not assess the merits of any such claim.[2] See *People v. Wallace*, 2018 IL App (5th) 140385, ¶ 45 (declining "to consider the merits of the defendant's petition where the trial court has not yet done so due to counsel's failure to make amendments that are necessary for forfeiture"); *People v. McDonald*, 2018 IL App (3d) 150507, ¶ 33 (stating that remand is required regardless of whether the claim had merit); *People v. Russell*, 2016 IL App (3d) 140386, ¶ 11 (holding that the defendant was "not required to make a positive showing that his counsel's failure to comply with Rule 651(c) caused prejudice" and counsel's noncompliance could not be excused on the basis of harmless error).

¶ 49    We agree with the reasoning set forth in the recently issued decision, *People v. Smith*, 2023 IL App (1st) 210909-U (Lavin, J., dissenting) (unpublished order under Supreme Court Rule 23), wherein the majority declined to address the merit of the claims at issue. On appeal to this court, the defendant argued that his postconviction counsel rendered unreasonable assistance in orally asserting two new claims that she failed to include in an amended petition. *Id.* ¶ 40. The majority reversed the second-stage dismissal of the defendant's postconviction petition because

---

[2] Significantly, currently pending before the Illinois Supreme Court are three cases that, to some extent, involve the issue of whether the reviewing court should consider the merits of a claim that postconviction counsel should have added or amended in order to comply with Rule 651(c). *People v. Agee*, No. 128413 (Sept. 28, 2022) (granting petition for leave to appeal from *People v. Agee*, No. 2-20-0748 (Dec. 23, 2021) (unpublished summary order under Rule 23(c))); *People v. Urzua*, No. 127789 (Jan. 26, 2022) (granting petition for leave to appeal from *People v. Urzua*, 2021 IL App (2d) 200231); *People v. Addison*, No. 127119 (Sept. 29, 2021) (granting petition for leave to appeal from *People v. Addison*, 2021 IL App (2d) 180545).

postconviction counsel failed to provide reasonable assistance. *Id.* ¶ 1. After so concluding, the majority addressed the dissent, which asserted that reversal was not warranted where the defendant could not show that he was prejudiced. *Id.* ¶ 71. With reliance on *Suarez* and other decisions rendered by our supreme court, the majority in *Smith* held that "where postconviction counsel has not complied with Rule 651(c) or otherwise given the reasonable level of assistance required by the Act, remand is appropriate regardless of the merits of the claims." *Id.* ¶¶ 73-78. The majority acknowledges a number of decisions from this court distinguishing *Suarez* based on the absence of a Rule 651(c) certificate and considering the merit of the claims asserted instead. *Id.* ¶ 81 (citing cases). However, as we have noted, there are also a number of decisions which reach the same result as does *Smith*, and now as do we. And like the majority in *Smith*, we note that we are not bound by decisions of other districts, divisions, or panels. *Id.* ¶ 82 (citing *O'Casek v. Children's Home and Aid Society*, 229 Ill. 2d 421, 440 (2008)). Moreover, we agree with the *Smith* majority that the *Suarez* court in no way appeared to limit its holding to cases in which Rule 651(c) certificates were not filed. In any case, as of this writing, there is no supreme court precedent requiring a defendant to both rebut the presumption of compliance with Rule 651(c) *and* show prejudice based on the merits of the underlying claims. *Id.* ¶¶ 81-83.

¶ 50    As a final aside on this point, this split of authority appears to be largely driven by the difficulty of reconciling the principle that counsel is not required to advance frivolous or spurious claims with the principle that counsel should make routine amendments to avoid the application of procedural bars and to ensure the defendant's claim is review on the merits. These principles are seemingly at odds in situations such as the one with which we are faced here. We anticipate that our supreme court will resolve this tension in at least one of the three cases currently before it. That being said, this court will not forestall defendant's appeal while awaiting the outcome of

those cases, and accordingly, we remain resolute in our decision to follow the *Suarez* rule in this case.

¶ 51    We also briefly address defendant's arguments that postconviction counsel was ineffective for failing to shape his claim regarding the informant into a cognizable *Franks* claim, to add the requisite elements for defendant's claim of a *Brady* violation, and to provide an affidavit from the informant to support defendant's allegations.

¶ 52    We reject defendant's argument that counsel should have amended the petition to allege a *Franks* claim because the circuit court ultimately reviewed the merits of such a claim despite it not being included in the petition. The *Franks* claim which defendant contends should have been added to his petition was addressed by the circuit court in its oral ruling following the hearing on the State's motion to dismiss. Specifically, the court stated that the success of such a claim, even if it had been argued, was speculative and defendant could not show legally sufficient prejudice. As such, we decline to find that postconviction counsel provided unreasonable assistance for failing to shape defendant's claims into a *Franks* claim.

¶ 53    We also reject defendant's argument that the *Brady* violation claim should have been amended and supported with an affidavit from the informant. Defendant's counsel explicitly noted before the court multiple times that, despite her investigative efforts, she was unable to contact a witness related to defendant's petition. Because counsel was unable to obtain an affidavit to support defendant's claims regarding the informant, the claim could not be supported with evidence and there was no need for counsel to amend the petition to shape the claim into proper legal form. See *Johnson*, 154 Ill. 2d at 241 (A circuit court "may reasonably presume that post-conviction counsel made a concerted effort to obtain affidavits in support of the post-conviction claims, but was unable to do so.").

¶ 54 Finally, we note that neither of these amendments can be construed as routine and could not be made with the same ease as an amendment to add an allegation that appellate counsel's representative was ineffective, which is the rationale behind the decisions of *Schlosser* and *Kirk*. Therefore, such amendments were not required of counsel.

¶ 55 Because we find that postconviction counsel did not provide reasonable assistance, we need not address defendant's argument that postconviction counsel had an ethical duty to withdraw and provide defendant the opportunity to advance his claims on his own or through new counsel. As a final note, and consistent with our discussion above, our decision should not be construed as an opinion on the merits of defendant's claims in his petition as that was not the issue before us. See *Johnson*, 154 Ill. 2d at 246 (it is the duty of the trial court, not a reviewing court, to determine on the basis of a complete record whether the postconviction claims requires an evidentiary hearing).

¶ 56                                   III. CONCLUSION

¶ 57 For the reasons stated, we vacate the judgment of the circuit court dismissing the *pro se* postconviction petition and remand for further second-stage proceedings under the Act. On remand, the circuit court shall appoint new counsel and allow defendant to amend his postconviction petition.

¶ 58 Vacated and remanded.